ALEXANDER B. CVITAN (CSB 81746),
J. DAVID SACKMAN (CSB 106703),
STEVEN T. NUTTER (CSB 67008), and
NATALIA BAUTISTA (CSB 245669), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
email: alc@rac-law.com; jds@rac-law.com; nataliab@rac-law.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHIL KARIMY,<br><br>          Plaintiff,<br><br>     vs.<br><br>ASSOCIATED GENERAL CONTRACTORS OF AMERICA – SAN DIEGO CHAPTER, INC., APPRENTICESHIP & TRAINING TRUST FUND,<br><br>          Defendants. | NO.  08-CV-00297-L-CAB<br><br>DECLARATION OF ALEXANDER B. CVITAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE<br><br>Date: June 23, 2008<br>Time:  10:30 a.m.<br>Ctrm: 14 (Fifth Floor) |

158597.1

DECLARATION OF ALEXANDER B. CVITAN

Alexander B. Cvitan declares as follows:

1.    [Identity].   I am an attorney duly licensed to practice law in the State of California and before this Court.  I am a member of Reich, Adell & Cvitan, the law firm representing the plaintiff Sohil Karimy in this action.

2.    [First Request for Arbitration Rules].  By letter dated December 21, 2007, to Pete Saucedo, Executive Director of the Associated General Contractors of America, San Diego Chapter, Inc., Apprenticeship and Training Trust (AGC Trust), I requested the AGC Trust's employment arbitration rules and procedures which were in effect at the date of Mr. Karimy's termination.  A true and correct copy of my letter to Mr. Saucedo is attached hereto as Exhibit "A" and incorporated herein by reference.

3.    [AGC Trust's Response to First Request.]   In response to my request for the employment arbitration rules, I received a letter dated January 7, 2008 from David P. Wolds, the attorney representing the AGC Trust in this action.  Mr. Wolds stated that my request did not contain the arbitration agreement, and he requested that I send him a copy.  He advised me that once I sent him the agreement, he would send me the arbitration rules.  A true and correct copy of Mr. Wolds letter, dated January 7, 2008, is attached hereto as Exhibit "B" and incorporated herein by reference.

4.    [Second Request for Arbitration Rules].   By letter dated January 8, 2008, I sent Mr. Wolds a copy of the At-Will Employment and Arbitration Agreement signed by Mr. Karimy but not signed by the AGC Trust.  I advised Mr.

1  Wolds that Mr. Karimy never received a signed Agreement from the Trust.  I again
2  requested the arbitration rules.  A true and correct copy of my letter to Mr. Wolds is
3  attached hereto as Exhibit "C" and incorporated herein by reference.
4
5      5.    [AGC Trust's Response to Second Request].   On January 15, 2008, I
6  received a letter from Mr. Wolds dated January 14, 2008, enclosing the AGC Trust's
7  employment rules and procedures "in effect on the dated of Mr. Sohil's (sic)
8  termination and the current JAMS Employment Rules and Procedures referred to
9  therein."  The JAMS Rules that Mr. Wolds sent to me became effective on March
10  21, 2007, almost ten months after Mr. Karimy signed the Employment Agreement.
11  A true and correct copy of the letter and all enclosures are attached hereto as Exhibit
12  "D" and incorporated herein by reference.
13
14      I declare under penalty of perjury and the laws of the United States of
15  America, that the foregoing is true and correct.
16
17      Executed on June 9, 2008, in Los Angeles County, California.
18
19
20               s/Alexander B. Cvitan
                 Attorney for Plaintiff
21               Sohil Karimy
                 E-mail: alc@rac-law.com
22
23
24
25
26
27
28

# EXHIBITS TABLE OF CONTENTS

**Page (s)**

EXHIBIT "A"
Cvitan's letter dated December 21, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4- 5

EXHIBIT "B"
Wolds' letter dated January 7, 2008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

EXHIBIT "C"
Cvitan's letter dated January 8, 2008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

EXHIBIT "D"
Wolds' letter dated January 14, 2008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-26

# EXHIBIT A

REICH, ADELL & CVITAN _____

A PROFESSIONAL LAW CORPORATION

3550 WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90010
TEL: (213) 386-3860 • FAX: (213) 386-5583
www.rac-law.com

HIRSCH ADELL
ALEXANDER B. CVITAN
MARIANNE REINHOLD
J. DAVID SACKMAN
LAURENCE S. ZAKSON
CARLOS R. PEREZ

OF COUNSEL
GEORGE A. PAPPY
STEVEN T. NUTTER

MARSHA M. HAMASAKI
NEELAM CHANDNA
DEBRA S. GOLDBERG
ANDREW BIRNBAUM
WILLIAM Y. SHEH
NATALIA BAUTISTA

JULIUS MEL REICH
(1933 - 2000)

December 21, 2007

**VIA FACSIMILE AND
U.S. CERTIFIED MAIL (return receipt requested)**

Pete Saucedo, Exec. Director
AGC Apprenticeship
Administrative Headquarters
P.O. Box 927870
San Diego, CA 92192-7870

Re:   Sohil Karimy

Dear Mr. Saucedo:

This office represents Sohil Karimy in regard to his termination of employment from the Associated General Contractors of America - San Diego Chapter, Inc. Apprenticeship & Training Trust ("Trust Fund"). We intend to bring claims against the AGC Trust for its wrongful and retaliatory termination of Mr. Karimy, as well as other claims related to his employment.

Section 5 of the enclosed "At-Will Employment and Arbitration Agreement" provides that "[t] arbitration of issues relating to the termination of Employee's employment will be submitted pursuant to the Trust Fund's employment arbitration rules and procedures which are in effect on the date of termination." This Section also provides that these rules and procedures are available from the Trust Fund upon request.

Please provide the applicable rules and procedures to my office immediately, and in no event later than January 5, 2008. This request is made without conceding that the Arbitration Agreement is binding, and without waiving Mr. Karimy's right to assert that the Arbitration Agreement is unenforceable.

Very truly yours,

Alexander B. Cvitan
of REICH, ADELL & CVITAN

ABC/mc
cc:   Sohil Karimy

153908.1

Exhibit " *A* ", Page *4*

# Confirmation Report — Memory Send

Page       : 001
Date & Time: Dec-21-07  12:28pm
Line 1     : 213 386 5583
Machine ID : Reich, Adell        & Cvitan

| | | |
|---|---|---|
| Job number | : | 363 |
| Date | : | Dec-21 12:27pm |
| To | : ☎18585588941 | |
| Number of pages | : | 002 |
| Start time | : | Dec-21 12:27pm |
| End time | : | Dec-21 12:28pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number      : 363              *** SEND SUCCESSFUL ***

## REICH, ADELL & CVITAN
### A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA  90010
TEL: (213) 386-3860
FAX:  (213) 386-5583
**ELECTRONIC MAIL TRANSMISSION**

DEC 21 2007

Client No.   0KARI.001                    Date: December 21, 2007

No. of Pages Sent:  2                     Time Sent:

PLEASE DELIVER TO:      Pete Saucedo, Exec. Director
                        AGC Apprenticeship
                        (858) 558-8941

FROM:                   Alexander B. Cvitan, Esq.

CAPTION:                Sohil Karimy

COMMENTS:               Please see attached.

**CALL (213) 386-3860 IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES.**

This electronic mail transmission (e-mail) is a confidential communication intended solely for the use of the addressee. It may also be protected from disclosure to others by virtue of the lawyer-client privilege of California Evidence Code § 952. If you are not the addressee, please destroy this e-mail and call us at (213) 386-3860, collect, to notify us that it was misdirected.

153913.1

Exhibit " A ", Page 5

# EXHIBIT B

# Procopio®

Procopio, Cory, Hargreaves & Savitch LLP



RECEIVED
JAN  8 2008
BY:

David P. Wolds
Direct Dial: (619) 525-3875
E-mail: dpw@procopio.com
Personal Fax: (619) 398-0175

January 7, 2008

**TRANSMITTED VIA FACSIMILE AND US MAIL**

Alexander B. Cvitan, Esq.
Reich, Adell & Cvitan, APC
3550 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90010

      Re:    <u>AGC Apprenticeship and Training Trust Fund: Sohil Karimy</u>

Dear Mr. Cvitan:

      We are in receipt of your letter of December 21, 2007, which was initially directed to Pete Saucedo, the Executive Director, AGC Apprenticeship Headquarters, for reply. In the future, please communicate directly with the undersigned regarding all related issues.

      Your letter did not contain an at-will employment and arbitration agreement as an enclosure. Please provide us with a copy at your earliest convenience. We will then provide the information you requested.

Yours truly,

David P. Wolds

DPW:vlw

*Exhibit " B ", Page 6*

530 B Street, Suite 2100 • San Diego, CA 92101-4469 • T. 619.238.1900  F. 619.235.0398

*North County Office:* 1917 Palomar Oaks Way, Suite 300 • Carlsbad, CA  92008-6511 • T. 760.931.9700  F. 760.931.1155

www.procopio.com

112893.000000/784474.01

# EXHIBIT C

# REICH, ADELL & CVITAN

A PROFESSIONAL LAW CORPORATION

3550 WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90010
TEL: (213) 386-3860 • FAX: (213) 386-5583
www.rac-law.com

HIRSCH ADELL
ALEXANDER B. CVITAN
MARIANNE REINHOLD
LAURENCE S. ZAKSON
CARLOS R. PEREZ

OF COUNSEL
GEORGE A. PAPPY
STEVEN T. NUTTER

J. DAVID SACKMAN
MARSHA M. HAMASAKI
NEELAM CHANDNA
DEBRA S. GOLDBERG
ANDREW BIRNBAUM
WILLIAM Y. SHEH
NATALIA BAUTISTA·

JULIUS MEL REICH
(1933 - 2000)

January 8, 2008

**VIA FACSIMILE AND U.S. MAIL**

David P. Wolds, Esq.
Procopio, Cory, Hargreaves & Savitch, LLP
530 B. Street, Suite 2100
San Diego, CA  92101-4469

> Re:  <u>AGC Apprenticeship and Training Trust Fund: Sohil Karimy</u>

Dear Mr. Wolds:

Enclosed is the At-Will Employment and Arbitration Agreement signed by Sohil Karimy on June 28, 2006, but not signed by the AGC San Diego Trust.  Mr. Karimy never received a signed Agreement from the Trust.  While we do not believe that there is an enforceable agreement to arbitrate, we request "the Trust Fund's employment arbitration rules and procedures . . . in effect on the date of termination," as described in Section 5 of the Agreement.

Thank you for your prompt attention.

Very truly yours,

Alexander B. Cvitan
of REICH, ADELL & CVITAN

ABC/mc
encl.
cc:    Sohil Karimy

154184.1

*Exhibit "C", Page 7*



ASSOCIATED GENERAL CONTRACTORS OF AMERICA,
SAN DIEGO CHAPTER, INC.
APPRENTICESHIP AND TRAINING TRUST FUND

## AT-WILL EMPLOYMENT AND ARBITRATION AGREEMENT

This Agreement is made by and between Associated General Contractors of America, San Diego Chapter, Inc. Apprenticeship and Training Trust Fund ("Trust Fund"), and Sohil Karimy ("Employee").

In consideration of the mutual promises stated in this Agreement, the Trust Fund and the Employee agree as follows:

### Section 1

The Trust Fund agrees to employ Employee initially in the following job classification: Director of Operations and Education. Employee will receive compensation at the initial rate of $76,000 per year. It is agreed and understood that future changes in the Employee's job classification and/or compensation will not revise or modify this Agreement in any way. This Agreement will remain in effect throughout the period of the Employee's employment by the Trust Fund.

### Section 2

Employee's employment with the Trust Fund has been and is at-will. Employee may quit employment for any reason or no reason, with or without notice, and the Trust Fund may terminate Employee's employment at any time, for any reason, or for no reason, with or without notice. Employee agrees and understands that no representative of the Trust Fund has any authority to vary the understandings set forth in the previous sentence or to enter into any employment agreement with Employee for a specified period of time except by a written document signed by both the Employee and the Chairman of the Trust Fund.

### Section 3

This Agreement supersedes any and all other agreements, either oral or in writing, between the Trust Fund and the Employee with respect to the subject matter of this Agreement. This Agreement also contains all of the covenants and agreements between the Employee and the Trust Fund with respect to the subject matter of this Agreement. Both the Employee and the Trust Fund acknowledge that no representation, inducement, promise or agreement, oral or otherwise, has been made by any person which is not included in this Agreement. No agreement, statement or promise regarding the subject matter of this Agreement which is not included in this Agreement shall be valid or binding on either the Trust Fund or the Employee.

## Section 4

This Agreement contains the entire agreement between the Employee and the Trust Fund with regard to at-will employment and arbitration of termination disputes. There are no oral or collateral agreements of any kind with regard to the subject matter of this Agreement. This Agreement cannot be modified except by a written document signed by the Employee and the Chairman of the Trust Fund.

## Section 5

Employee and the Trust Fund agree that in the event Employee's employment is terminated (either by the Trust Fund or the Employee) any dispute that may arise between them relating to such termination of employment (including, without limitation, any claim(s) based on common law, any federal or state statute, Title VII of the Civil Rights Act of 1964, as amended, the California Fair Employment and Housing Act, any statute or provision relating to employment discrimination and/or employment rights, the federal or any state constitution and/or any public policy) will be determined by arbitration and not by a lawsuit or resort to court process. Any contractual dispute relating to termination of employment, including claims based on breach of the at-will employment and arbitration agreement, any express or implied agreement and/or any covenant of good faith and fair dealing, must be properly initiated within one hundred eighty (180) days of termination of employment. Any dispute based on any federal or state statute, Title VII of the Civil Rights Act of 1964, as amended, the California Fair Employment and Housing Act, any statue or provision relating to employment discrimination or employment rights, the federal or any statute constitution and/or any public policy must be properly initiated within one (1) year of termination of employment. The Trust Fund and Employee agree that the time set forth for initiating arbitration of claims (180 days and 1 year) are important to avoid the loss of evidence and fading memories. In addition, the prompt assertion of claims gives both parties an opportunity to take any appropriate corrective action. Such arbitration shall be the exclusive forum for any dispute between Employee and the Trust Fund related to such termination of employment. The arbitration of issues relating to the termination of Employee's employment will be submitted pursuant to the Trust Fund's employment arbitration rules and procedures which are in effect on the date of termination. The employment arbitration rules and procedures are available from the Trust Fund on request, and are incorporated by reference. It is agreed that the arbitrator's decision will be final and binding on the Employee and the Trust Fund. This arbitration provision does not alter the at-will status of the Employee's employment.

## Section 6

NOTICE: BY SIGNING THIS AGREEMENT YOU ARE AGREEING TO HAVE ANY ISSUE CONCERNING THE TERMINATION OF YOUR EMPLOYMENT DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL.

Exhibit "*C*", Page *9*

<u>Section 7</u>

This Agreement shall be binding upon and pass to the benefit of the successor and assigns of Employee and the Trust Fund. Waiver of any breach of this Agreement by the Trust Fund will not constitute a waiver of subsequent similar or dissimilar breaches of this Agreement, or a waiver of any of the obligations contained herein. Should any provision or part of a provision of this Agreement be found as a matter of law to be invalid, such finding shall not have the effect of invalidating the remainder of this Agreement and the provision or part thereof as to which such finding of invalidity is made shall be interpreted so as to be ineffective only to the extent of such invalidity without invalidating the remainder of such provision or part thereof or any of the other provisions of this Agreement.

EMPLOYEE

ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO CHAPTER, INC. APPRENTICESHIP AND TRAINING TRUST FUND

_____
Sohil Karimy

_____
Thomas L. Brown, Chairman

Dated: ___10/28/06___

Dated: _____

Exhibit "C", Page 10

3

**EXHIBIT D**



Procopio, Cory, Hargreaves & Savitch LLP

David P. Wolds
Direct Dial: (619) 525-3875
E-mail: dpw@procopio.com
Personal Fax: (619) 398-0175

January 14, 2008



**VIA US MAIL**

Alexander B. Cvitan, Esq.
Reich, Adell & Cvitan, APC
3550 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90010

      Re:    <u>Associated General Contractors of America, San Diego Chapter, Inc.
           Apprenticeship and Training Trust Fund: Sohil Karimy</u>

Dear Mr. Cvitan:

    Enclosed per your request are copies of the Apprenticeship and Training Trust Fund's Employment Arbitration Rules and Procedures in effect on the date of Mr. Sohil's termination and the current JAMS Employment Arbitration Rules and Procedures referred to therein.

Yours truly,

David P. Wolds

DPW/alr
Enclosure

Exhibit " 2 ", Page 11

530 B Street, Suite 2100 • San Diego, CA 92101-4469 • T. 619.238.1900  F. 619.235.0398
North County Office:  1917 Palomar Oaks Way, Suite 300 • Carlsbad, CA  92008-6511 • T. 760.931.9700  F. 760.931.1155
www.procopio.com

112893.000000/786828.01

ASSOCIATED GENERAL CONTRACTORS OF AMERICA,
SAN DIEGO CHAPTER, INC.
APPRENTICESHIP AND TRAINING TRUST FUND

EMPLOYMENT ARBITRATION RULES AND PROCEDURES

### Preamble

These employment arbitration rules and procedures are effective on the date signed below. Associated General Contractors of America, San Diego Chapter, Inc. Apprenticeship and Training Trust Fund ("Trust Fund") reserves the right to revise these arbitration rules and procedures in the future as it deems necessary.

### Scope of Arbitration Matters

These arbitration rules and procedures are binding on Trust Fund and its employees. In the event of termination of employment (either by Trust Fund or an employee), any dispute that may arise relating to such termination of employment, including any claim(s) based on common law, any federal or state statute, Title VII of the Civil Rights Act of 1964, as amended, the California Fair Employment and Housing Act, any statute or provision relating to employment discrimination or employment rights, the federal or any state constitution and/or any public policy, will be determined by arbitration and not by a lawsuit or resort to court process.

### Arbitration Panel and Rules

Any controversy concerning termination of employment shall be settled by arbitration administered by JAMS/Endispute under the JAMS/Endispute Arbitration Rules and Procedures for Employment Disputes, as may be amended or changed from time to time. Should JAMS/Endispute cease to exist or refuse to administer the arbitration upon request, the arbitration shall proceed before an arbitrator chosen mutually by the parties, and failing agreement by the parties on the selection of an arbitrator, before an arbitrator appointed by a court of competent jurisdiction. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO CHAPTER, INC. APPRENTICESHIP AND TRAINING TRUST FUND

Dated: _Dec 15, 1998_    By: _Douglas E. Barnhart_
Douglas E. Barnhart, Chairman

Dated: _Dec, 15, 1998_    By: _C. David Atkinson_
C. David Atkinson, Secretary

z:\clients\20949\4-a&t\misc\arbrules.doc

Exhibit " _D_ ", Page _12_



JAMS, THE RESOLUTION EXPERTS

**EMPLOYMENT ARBITRATION RULES & PROCEDURES**

*EFFECTIVE MARCH 26, 2007*

# JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

JAMS provides arbitration and mediation services from 23 Resolution Centers located throughout the United States. Its arbitrators and mediators hear and resolve some of the nation's largest, most complex and contentious disputes, utilizing JAMS Rules and Procedures as well as the rules of other domestic and international arbitral institutions.

JAMS arbitrators and mediators are full-time neutrals who come from the ranks of retired state and federal judges and prominent attorneys. These highly trained and experienced ADR professionals are dedicated to the highest ethical standards of conduct.

Parties wishing to write a pre-dispute JAMS arbitration clause into their agreement should review the sample arbitration clauses on Page 4. These clauses may be modified to tailor the arbitration process to meet the parties' individual needs.



JAMS

THE RESOLUTION EXPERTS

**www.jamsadr.com • 1.800.352.JAMS**

Exhibit "_D_", Page _13_

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

# Table of Contents

Sample Clause for Mediation Only . . . . . . . . . . . . . . 4

Sample Clause for Mediation and Arbitration . . . . . . 4

Rule 1.   Scope of Rules . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 2.   Party-Agreed Procedures . . . . . . . . . . . . . . . 6

Rule 3.   Amendment of Rules . . . . . . . . . . . . . . . . . 7

Rule 4.   Conflict with Law . . . . . . . . . . . . . . . . . . . . 7

Rule 5.   Commencing an Arbitration . . . . . . . . . . . 7

Rule 6.   Preliminary and Administrative Matters . . . 8

Rule 7.   Number of Arbitrators and
          Appointment of Chairperson . . . . . . . . . . . 9

Rule 8.   Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule 9.   Notice of Claims . . . . . . . . . . . . . . . . . . . . 10

Rule 10.  Changes of Claims . . . . . . . . . . . . . . . . . . 11

Rule 11.  Interpretation of Rules and
          Jurisdictional Challenges . . . . . . . . . . . . . 11

Rule 12.  Representation . . . . . . . . . . . . . . . . . . . . . 12

Rule 13.  Withdrawal from Arbitration . . . . . . . . . . 12

Rule 14.  *Ex Parte* Communications . . . . . . . . . . . . 13

Rule 15.  Arbitrator Selection and Replacement . . . 13

Rule 16.  Preliminary Conference . . . . . . . . . . . . . . 14

Rule 17.  Exchange of Information . . . . . . . . . . . . . 15

Rule 18.  Summary Disposition of a Claim or Issue . 16

Rule 19.  Scheduling and Location of Hearing . . . . . 16

Rule 20.  Pre-Hearing Submissions . . . . . . . . . . . . . 17

Rule 21.  Securing Witnesses and Documents
          for the Arbitration Hearing . . . . . . . . . . . 17

Rule 22.  The Arbitration Hearing . . . . . . . . . . . . . . 18

Rule 23.  Waiver of Hearing . . . . . . . . . . . . . . . . . . . 20

Rule 24.  Awards . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Rule 25.  Enforcement of the Award . . . . . . . . . . . 22

Rule 26.  Confidentiality and Privacy . . . . . . . . . . . 22

Rule 27.  Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Rule 28.  Settlement and Consent Award . . . . . . . 23

Rule 29.  Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 30.  Disqualification of the Arbitrator
          As a Witness or Party and
          Exclusion of Liability . . . . . . . . . . . . . . . . . 24

Rule 31.  Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Rule 32.  Bracketed (or High-Low)
          Arbitration Option . . . . . . . . . . . . . . . . . . 25

Rule 33.  Final Offer (or Baseball)
          Arbitration Option . . . . . . . . . . . . . . . . . . 26

Rule 34.  Optional Arbitration
          Appeal Procedure . . . . . . . . . . . . . . . . . . . 26

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

Exhibit " *D* ", Page *14*

## Sample Clauses for Use in Employment Dispute Resolution Programs and Contracts

The following are basic sample clauses providing for mediation or arbitration in an employment contract. A variety of issues may affect the enforceability or effectiveness of these sample clauses, therefore it is recommended that you review applicable law in your jurisdiction and consult experienced counsel for advice. The information contained herein should not be considered legal advice or legal opinion. For information about setting a case, call your local JAMS office at 1-800-352-5267.

### Sample Clause for Mediation Only:

*Any controversy, dispute or claim arising out of or relating to this [contract] or breach thereof shall first be settled through good faith negotiation [OR company employment program] [other]. If the dispute cannot be settled through negotiation [OR company employment program] [other], the parties agree to attempt in good faith to settle the dispute by mediation administered by JAMS.*

### Sample Clause for Mediation and Arbitration:

*Any controversy, dispute or claim arising out of or relating to this [contract] or breach thereof shall first be settled through good faith negotiation [OR company employment program] [other]. If the dispute cannot be settled through negotiation [OR company employment program] [other], the parties agree to attempt in good faith to settle the dispute by mediation administered by JAMS. If the parties are unsuccessful at resolving the dispute through mediation, the parties agree to [binding] arbitration administered by JAMS pursuant to its Employment Arbitration Rules & Procedures and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. Judgment on the Award may be entered in any court having jurisdiction.*

## Case Management Fees

JAMS charges a nominal Case Management Fee for cases. For arbitrations the Case Management Fee is:

| Hearing Length | Fee |
| --- | --- |
| 1 to 3 days | $400 per party, per day |

*(1 day is defined as 10 hours of professional time)*

| | |
| --- | --- |
| Time in excess of initial 30 hours | 10% of professional fees |

JAMS neutrals set their own hourly, partial and full day rates. For information on individual neutral's rates and the Case Management Fee, please contact JAMS at 800-352-JAMS. The Case Management Fee structure is subject to change.

For arbitrations arising out of employer-promulgated plans, the only fee than an employee may be required to pay is the $400 per party fee for a one-day case. The employer must bear the employee's share of any increased CMF. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.

Exhibit " D ", Page 15

# JAMS Employment Arbitration Rules & Procedures

*NOTICE: These Rules are the copyrighted property of JAMS. They cannot be copied, reprinted or used in any way without permission of JAMS, unless they are being used by the parties to an arbitration as the rules for that arbitration. If they are being used as the rules for an arbitration, proper attribution must be given to JAMS. If you wish to obtain permission to use our copyrighted materials, please contact JAMS at 949-224-1810.*

## Rule 1.   Scope of Rules

(a)   The JAMS Employment Arbitration Rules and Procedures ("Rules") govern binding Arbitrations of disputes or claims that are administered by JAMS and in which the Parties agree to use these Rules or, in the absence of such agreement, the disputes or claims are employment-related, unless other Rules are prescribed.

(b)   The Parties shall be deemed to have made these Rules a part of their Arbitration agreement whenever they have provided for Arbitration by JAMS under its Employment Rules or for Arbitration by JAMS without specifying any particular JAMS Rules and the disputes or claims meet the criteria of the first paragraph of this Rule.

(c)   The authority and duties of JAMS are prescribed in the agreement of the Parties and in these Rules, and may be carried out through such representatives as it may direct.

(d)   JAMS may, in its discretion, assign the administration of an Arbitration to any of its offices.

(e)   The term "Party" as used in these Rules includes Parties to the Arbitration and their counsel or representatives.

## Rule 2.   Party-Agreed Procedures

The Parties may agree on any procedures not specified herein or in lieu of these Rules that are consistent with the applicable law and JAMS policies including, without limitation, the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness, and Rules 15(i), 30 and 31. The Parties shall promptly notify JAMS of any such Party-agreed procedures and shall confirm such procedures in writing. The Party-agreed procedures shall be enforceable as if contained in these Rules.

## Rule 3.   Amendment of Rules

JAMS may amend these Rules without notice. The Rules in effect on the date of the commencement of an Arbitration (as defined in Rule 5) shall apply to that Arbitration, unless the Parties have specified another version of the Rules.

## Rule 4.   Conflict with Law

If any of these Rules, or a modification of these Rules agreed on by the Parties, is determined to be in conflict with a provision of applicable law, the provision of law will govern, and no other Rule will be affected.

## Rule 5.   Commencing an Arbitration

(a)   The Arbitration is deemed commenced when JAMS confirms in a Commencement Letter one of the following:

(i)   The submission to JAMS of a post-dispute Arbitration agreement fully executed by all Parties and that specifies JAMS administration or use of any JAMS Rules; or

(ii)   The submission to JAMS of a pre-dispute written contractual provision requiring the Parties to arbitrate the employment dispute or claim and which specifies JAMS administration or use of any JAMS Rules or which the Parties agree shall be administered by JAMS; or

(iii)   The oral agreement of all Parties to participate in an Arbitration administered by JAMS or conducted pursuant to any JAMS Rules, confirmed in writing by the Parties; or

(iv)   A court order compelling Arbitration at JAMS.

(b)   The Commencement Letter shall confirm that one of the above requirements for commencement has been met, that JAMS has received all payments required under the applicable fee schedule, and that the claimant has provided JAMS with contact information for all Parties along with evidence that the Demand has been served on all Parties. The date of commencement of the Arbitration is the date of the Commencement Letter.

(c)   If a Party that is obligated to arbitrate in accordance with subparagraph (a) of this Rule fails to agree to participate in the Arbitration process, JAMS shall confirm in writing that Party's failure to respond or participate and, pursuant to Rule 19, the Arbitrator, once appointed, shall schedule, and provide appropriate notice of a Hearing or other opportunity for the Party demanding the Arbitration to demonstrate its entitlement to relief.



Exhibit "D", Page 16

(d) The definition of "commencement" in these Rules is not intended to be applicable to any legal requirement, such as the statute of limitations or a contractual limitations period. The term "commencement" as used in this Rule is intended only to pertain to the operation of this and other rules (such as Rule 3, 9(a), 9(c), 13(a), 17(a), 31(a).) The tolling of the statute of limitations or a contractual limitations period shall be regarded by JAMS to occur upon the date of service of a demand for arbitration; compliance with Rule 5(a) (i), (ii), (iii) or (iv) as appropriate; and payment of any fee required of that party under the applicable fee schedule.

## Rule 6.   Preliminary and Administrative Matters

(a)    JAMS may convene, or the Parties may request, administrative conferences to discuss any procedural matter relating to the administration of the Arbitration.

(b)   At the request of a Party and in the absence of Party agreement, JAMS may determine the location of the Hearing, subject to Arbitrator review. In determining the location of the Hearing, such factors as the subject matter of the dispute, the convenience of the Parties and witnesses and the relative resources of the Parties shall be considered, but in no event will the Hearing be scheduled in a location that precludes attendance by the Employee.

(c)   If, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings. JAMS may so inform the Parties in order that one of them may advance the required payment. An administrative suspension shall toll any other time limits contained in these Rules, applicable statutes or the Parties' agreement.

(d)   JAMS does not maintain a duplicate file of documents filed in the Arbitration. If the Parties wish to have any documents returned to them, they must advise JAMS in writing within 30 days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing and JAMS reserves the right to impose an additional fee for such special arrangements.

(e)   Unless the Parties' agreement or applicable law provides otherwise, JAMS may consolidate Arbitrations in the following instances:

(i) If a Party files more than one Arbitration with JAMS, and if JAMS determines that the Arbitrations so filed have common issues of fact or law, JAMS may consolidate the Arbitrations and refer them to a single Arbitrator.

(ii) Where a Demand or Demands for Arbitration is or are submitted naming Parties already involved in another Arbitration or Arbitrations pending under these Rules, JAMS may decide that the new case or cases will be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators already appointed.

(iii) Where a Demand or Demands for Arbitration is or are submitted naming parties that are not identical to the Parties in the existing Arbitration or Arbitrations, JAMS may decide that the new case or cases will be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators already appointed.

When rendering its decision, JAMS will take into account all circumstances, including the links between the cases and the progress already made in the existing Arbitrations.

Where a third party seeks to participate in an Arbitration already pending under these Rules or where a Party to an Arbitration under these Rules seeks to compel a third party to participate in a pending Arbitration, the Arbitrator will decide on such request, taking into account all circumstances the Arbitrator deems relevant and applicable.

Unless applicable law provides otherwise, where JAMS decides to consolidate a proceeding into a pending Arbitration, the Parties to the consolidated case or cases will be deemed to have waived their right to designate an Arbitrator.

## Rule 7.   Number of Arbitrators and Appointment of Chairperson

(a)   The Arbitration shall be conducted by one neutral Arbitrator unless all Parties agree otherwise. In these Rules, the term "Arbitrator" shall mean, as the context requires, the Arbitrator or the panel of Arbitrators in a tripartite Arbitration.

(b)   In cases involving more than one Arbitrator the Parties shall agree on, or in the absence of agreement JAMS shall designate, the Chairperson of the Arbitration Panel. If the Parties and the Arbitrator agree, the Chairperson may, acting alone, decide discovery and procedural matters.



(c)  Where the Parties have agreed that each Party is to name one Arbitrator, the Arbitrators so named shall be neutral and independent of the appointing Party unless the Parties have agreed that they shall be non-neutral.

## Rule 8.  Service

Service by a Party under these Rules is effected by providing one signed copy of the document to each Party and two copies in the case of a sole Arbitrator and four copies in the case of a tripartite panel to JAMS. Service may be made by hand-delivery, overnight delivery service or U.S. mail. Service by any of these means is considered effective upon the date of deposit of the document. Service by electronic mail or facsimile transmission is considered effective upon transmission, but only if followed within one week of delivery by service of an appropriate number of copies and originals by one of the other service methods. In computing any period of time prescribed or allowed by these Rules for a Party to do some act within a prescribed period after the service of a notice or other paper on the Party and the notice or paper is served on the Party only by U.S. Mail, three (3) calendar days shall be added to the prescribed period.

## Rule 9.  Notice of Claims

(a)  If a matter has been submitted for Arbitration after litigation has been commenced in court regarding the same claim or dispute, the pleadings in the court case, including the complaint and answer (with affirmative defenses and counterclaims), may be filed with JAMS within fourteen (14) calendar days of the date of commencement, and if so filed, will be considered part of the record of the Arbitration. It will be assumed that the existence of such pleadings constitutes appropriate notice to the Parties of such claims, remedies sought, counterclaims and affirmative defenses. If necessary, such notice may be supplemented pursuant to Rule 9(b).

(b)  If a matter has been submitted to JAMS prior to, or in lieu of, the filing of a case in court or prior to the filing of an answer, the Parties shall give each other notice of their respective claims, remedies sought, counterclaims and affirmative defenses (including jurisdictional challenges). Such notice may be served upon the other Parties and filed with JAMS, in the form of a demand for Arbitration, response or answer to demand for Arbitration, counterclaim or answer or response to counterclaim. Any pleading shall include a short statement of its factual basis.

(c)  Notice of claims, remedies sought, counterclaims and affirmative defenses may be served simultaneously, in which case they should be filed with JAMS within fourteen (14) calendar days of the date of commencement of the Arbitration, or by such other date as the Parties may agree. The responding Parties may, however, in their sole discretion, wait to receive the notice of claim before serving any response, including counterclaims or affirmative defenses. In this case, the response, including counterclaims and affirmative defenses, should be served on the other Parties and filed with JAMS within fourteen (14) calendar days of service of the notice of claim. If the notice of claim has been served on the responding Parties prior to the date of commencement, the response, including counterclaims and affirmative defenses, shall be served within fourteen (14) calendar days from the date of commencement.

(d)  Any Party that is a recipient of a counterclaim may reply to such counterclaim, including asserting jurisdictional challenges. In such case, the reply must be served on the other Parties and filed with JAMS within fourteen (14) calendar days of having received the notice of counterclaim. No claim, remedy, counterclaim or affirmative defense will be considered by the Arbitrator in the absence of prior notice to the other Parties, unless all Parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

## Rule 10. Changes of Claims

After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third Party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted except with the Arbitrator's approval. A Party may request a Hearing on this issue. Each Party has the right to respond to any new claim in accordance with Rule 9(c).
Return to Top of Page

## Rule 11. Interpretation of Rules and Jurisdictional Challenges

(a)  Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator shall be final.

(b)  Whenever in these Rules a matter is to be determined by "JAMS" (such as in Rule 6; 11(d); 15(d), (f), (g) or (i)),

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES


Exhibit " D ", Page 18

such determination shall be made in accordance with JAMS administrative procedures.

(c) Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

(d) Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS.

(e) The Arbitrator may, upon a showing of good cause or *sua sponte*, when necessary to facilitate the Arbitration, extend any deadlines established in these Rules, provided that the time for rendering the Award may only be altered in accordance with Rules 22(i) or 24.

## Rule 12. Representation

(a) The Parties may be represented by counsel or any other person of the Party's choice. Each Party shall give prompt written notice to the Case Manager and the other Parties of the name, address, telephone and fax numbers, and email address of its representative. The representative of a Party may act on the Party's behalf in complying with these Rules.

(b) Changes in Representation. A Party shall give prompt written notice to the Case Manager and the other Parties of any change in its representation, including the name, address, telephone and fax numbers, and email address of the new representative. Such notice shall state that the written consent of the former representative, if any, and of the new representative, has been obtained and shall state the effective date of the new representation.

## Rule 13. Withdrawal from Arbitration

(a) No Party may terminate or withdraw from an Arbitration after the issuance of the Commencement Letter (see Rule 5) except by written agreement of all Parties to the Arbitration.

(b) A Party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Parties and on the Arbitrator. However, the opposing Parties may, within fourteen (14) calendar days of service of notice of the withdrawal of the claim or counterclaim, request that the Arbitrator order

that the withdrawal be with prejudice. If such a request is made, it shall be determined by the Arbitrator.

## Rule 14. *Ex Parte* Communications

No Party may have any *ex parte* communication with a neutral Arbitrator regarding any issue related to the Arbitration. Any necessary *ex parte* communication with a neutral Arbitrator, whether before, during or after the Arbitration Hearing, shall be conducted through JAMS. The Parties may agree to permit *ex parte* communication between a Party and a non-neutral Arbitrator.

## Rule 15. Arbitrator Selection and Replacement

(a) Unless the Arbitrator has been previously selected by agreement of the Parties, JAMS may attempt to facilitate agreement among the Parties regarding selection of the Arbitrator.

(b) If the Parties do not agree on an Arbitrator, JAMS shall send the Parties a list of at least five (5) Arbitrator candidates in the case of a sole Arbitrator and ten (10) Arbitrator candidates in the case of a tripartite panel. JAMS shall also provide each Party with a brief description of the background and experience of each Arbitrator candidate. JAMS may replace any or all names on the list of Arbitrator candidates for reasonable cause at any time before the Parties have submitted their choice pursuant to subparagraph (c) below.

(c) Within seven (7) calendar days of service by the Parties of the list of names, each Party may strike two (2) names in the case of a sole Arbitrator and three (3) names in the case of a tripartite panel, and shall rank the remaining Arbitrator candidates in order of preference. The remaining Arbitrator candidate with the highest composite ranking shall be appointed the Arbitrator. JAMS may grant a reasonable extension of the time to strike and rank the Arbitrator candidates to any Party without the consent of the other Parties.

(d) If this process does not yield an Arbitrator or a complete panel, JAMS shall designate the sole Arbitrator or as many members of the tripartite panel as are necessary to complete the panel.

(e) If a Party fails to respond to a list of Arbitrator candidates within seven (7) calendar days after its service, JAMS shall deem that Party to have accepted all of the Arbitrator candidates.

Exhibit "*D*", Page *19*

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

(f)   Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of the Arbitrator selection process. JAMS shall determine whether the interests between entities are adverse for purposes of Arbitrator selection, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the Arbitration.

(g)   If, for any reason, the Arbitrator who is selected is unable to fulfill the Arbitrator's duties, a successor Arbitrator shall be chosen in accordance with this Rule. If a member of a panel of Arbitrators becomes unable to fulfill his or her duties after the beginning of a Hearing but before the issuance of an Award, a new Arbitrator will be chosen in accordance with this Rule unless, in the case of a tripartite panel, the Parties agree to proceed with the remaining two Arbitrators. JAMS will make the final determination as to whether an Arbitrator is unable to fulfill his or her duties, and that decision shall be final.

(h)   Any disclosures regarding the selected Arbitrator shall be made as required by law or within ten (10) calendar days from the date of appointment. The obligation of the Arbitrator to make all required disclosures continues throughout the Arbitration process. Such disclosures may be provided in electronic format, provided that JAMS will produce a hard copy to any Party that requests it.

(i)   At any time during the Arbitration process, a Party may challenge the continued service of an Arbitrator for cause. The challenge must be based upon information that was not available to the Parties at the time the Arbitrator was selected. A challenge for cause must be in writing and exchanged with opposing Parties who may respond within seven (7) days of service of the challenge. JAMS shall make the final determination as to such challenge. Such determination shall take into account the materiality of the facts and any prejudice to the Parties. That decision will be final.

(j)   Where the Parties have agreed that a Party-appointed Arbitrator is to be non-neutral, that Party-appointed Arbitrator shall not be subject to disqualification.

## Rule 16. Preliminary Conference

At the request of any Party or at the direction of the Arbitrator, a Preliminary Conference shall be conducted with the Parties or their counsel or representatives. The Preliminary Conference may address any or all of the following subjects:

(a)   The exchange of information in accordance with Rule 17 or otherwise;

(b)   The schedule for discovery as permitted by the Rules, as agreed by the Parties or as required or authorized by applicable law;

(c)   The pleadings of the Parties and any agreement to clarify or narrow the issues or structure the Arbitration Hearing;

(d)   The scheduling of the Hearing and any pre-Hearing exchanges of information, exhibits, motions or briefs;

(e)   The attendance of witnesses as contemplated by Rule 21;

(f)   The scheduling of any dispositive motion pursuant to Rule 18;

(g)   The premarking of exhibits; preparation of joint exhibit lists and the resolution of the admissibility of exhibits;

(h)   The form of the Award; and

(i)   Such other matters as may be suggested by the Parties or the Arbitrator.

The Preliminary Conference may be conducted telephonically and may be resumed from time to time as warranted.

## Rule 17. Exchange of Information

(a)   The Parties shall cooperate in good faith in the voluntary and informal exchange of all non-privileged documents and other information relevant to the dispute or claim immediately after commencement of the Arbitration. They shall complete an initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions, names of individuals whom they may call as witnesses at the Arbitration Hearing, and names of all experts who may be called to testify at the Arbitration Hearing, together with each expert's report that may be introduced at the Arbitration Hearing, within twenty-one (21) calendar days after all pleadings or notice of claims have been received. The Arbitrator may modify these obligations at the Preliminary Conference.

(b)   Each Party may take at least one deposition of an opposing Party or an individual under the control of the opposing



Party. The Parties shall attempt to agree on the number, time, location, and duration of the deposition(s). Absent agreement, the Arbitrator shall determine these issues including whether to grant a request for additional depositions, based upon the reasonable need for the requested information, the availability of other discovery, and the burdensomeness of the request on the opposing Parties and witness.

(c)  As they become aware of new documents or information, including experts who may be called upon to testify, all Parties continue to be obligated to provide relevant, non-privileged documents, to supplement their identification of witnesses and experts and to honor any informal agreements or understandings between the Parties regarding documents or information to be exchanged. Documents that were not previously exchanged, or witnesses and experts that were not previously identified, may not be considered by the Arbitrator at the Hearing, unless agreed by the Parties or upon a showing of good cause.

(d)  The Parties shall promptly notify JAMS when a dispute exists regarding discovery issues. JAMS shall arrange a conference with the Arbitrator, either by telephone or in person, and the Arbitrator shall decide the dispute. With the written consent of all Parties, and in accordance with an agreed written procedure, the Arbitrator may appoint a special master to assist in resolving a discovery dispute.

## Rule 18.  Summary Disposition
##            of a Claim or Issue

(a)  The Arbitrator may permit any Party to file a Motion for Summary Disposition of a particular claim or issue, either by agreement of all interested Parties or at the request of one Party, provided other interested Parties have reasonable notice to respond to the motion.

(b)  JAMS shall facilitate the Parties' agreement on a briefing schedule and record for the Motion. If no agreement is reached, the Arbitrator shall set the briefing and Hearing schedule and contents of the record.

## Rule 19.  Scheduling and Location
##            of Hearing

(a)  The Arbitrator, after consulting with the Parties that have appeared, shall determine the date, time and location of the Hearing. The Arbitrator and the Parties shall attempt to schedule consecutive Hearing days if more than one day is necessary.

(b)  If a Party has failed to participate in the Arbitration process, and the Arbitrator reasonably believes that the Party will not participate in the Hearing, the Arbitrator may set the Hearing without consulting with that Party. The non-participating Party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date unless the law of the relevant jurisdiction allows for or the Parties have agreed to shorter notice.

## Rule 20.  Pre-Hearing Submissions

(a)  Subject to any schedule adopted in the Preliminary Conference (Rule 16), at least fourteen (14) calendar days before the Arbitration Hearing, the Parties shall exchange a list of the witnesses they intend to call, including any experts, a short description of the anticipated testimony of each such witness, an estimate of the length of the witness's direct testimony, and a list of exhibits. In addition, at least fourteen (14) calendar days before the Arbitration Hearing, the Parties shall identify all exhibits intended to be used at the Hearing and exchange copies of such exhibits to the extent that any such exhibit has not been previously exchanged. The Parties should pre-mark exhibits and shall attempt to resolve any disputes regarding the admissibility of exhibits prior to the Hearing. The list of witnesses, with the description and estimate of the length of their testimony and the copies of all exhibits that the Parties intend to use at the Hearing, in pre-marked form, should also be provided to JAMS for transmission to the Arbitrator, whether or not the Parties have stipulated to the admissibility of all such exhibits.

(b)  The Arbitrator may require that each Party submit concise written statements of position, including summaries of the facts and evidence a Party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The statements, which may be in the form of a letter, shall be filed with JAMS and served upon the other Parties, at least seven (7) calendar days before the Hearing date. Rebuttal statements or other pre-Hearing written submissions may be permitted or required at the discretion of the Arbitrator.

Return to Top of Page

## Rule 21.  Securing Witnesses and Documents
##            for the Arbitration Hearing

(a)  At the written request of a Party, all other Parties shall produce for the Arbitration Hearing all specified witnesses in their employ or under their control without need of subpoena. The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents either prior to or at the



Hearing. Pre-issued subpoenas may be used in jurisdictions that permit them. In the event a Party or a subpoenaed person objects to the production of a witness or other evidence, the Party or subpoenaed person may file an objection with the Arbitrator, who will promptly rule on the objection, weighing both the burden on the producing Party and witness and the need of the proponent for the witness or other evidence. The Arbitrator, in order to hear a third party witness, or for the convenience of the Parties or the witnesses, may conduct the Hearing at any location unless the Arbitration agreement specifies a mandatory Hearing location.

(b)   Any JAMS office may be designated a hearing location for purposes of the issuance of a subpoena or subpoena duces tecum to a third party witness, unless the Arbitration agreement specifies a mandatory Hearing location. The subpoena or subpoena duces tecum shall be issued in accordance with the applicable law of the designated hearing location and shall be deemed issued under that law. Objections to any subpoena or subpoena duces tecum shall be made and determined by the Arbitrator.

## Rule 22. The Arbitration Hearing

(a)   The Arbitrator will ordinarily conduct the Arbitration Hearing in the manner set forth in these Rules. The Arbitrator may vary these procedures if it is determined reasonable and appropriate to do so. It is expected that the Employee will attend the Arbitration Hearing, as will any other individual Party with information about a significant issue.

(b)   The Arbitrator shall determine the order of proof, which will generally be similar to that of a court trial.

(c)   The Arbitrator shall require witnesses to testify under oath if requested by any Party, or otherwise in the discretion of the Arbitrator.

(d)   Strict conformity to the rules of evidence is not required, except that the Arbitrator shall apply applicable law relating to privileges and work product. The Arbitrator shall consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as is appropriate. The Arbitrator may be guided in that determination by principles contained in the Federal Rules of Evidence or any other applicable rules of evidence. The Arbitrator may limit testimony to exclude evidence that would be immaterial or unduly repetitive, provided that all Parties are afforded the opportunity to present material and relevant evidence.

(e)   The Arbitrator shall receive and consider relevant deposition testimony recorded by transcript or videotape, provided that the other Parties have had the opportunity to attend and cross-examine. The Arbitrator may in his or her discretion consider witness affidavits or other recorded testimony even if the other Parties have not had the opportunity to cross-examine, but will give that evidence only such weight as the Arbitrator deems appropriate.

(f)   The Parties will not offer as evidence, and the Arbitrator shall neither admit into the record nor consider, prior settlement offers by the Parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated, except to the extent that applicable law permits the admission of such evidence.

(g)   The Hearing or any portion thereof may be conducted telephonically with the agreement of the Parties or in the discretion of the Arbitrator.

(h)   When the Arbitrator determines that all relevant and material evidence and arguments have been presented, the Arbitrator shall declare the Hearing closed. The Arbitrator may defer the closing of the Hearing until a date agreed upon by the Arbitrator and the Parties, to permit the Parties to submit post-Hearing briefs, which may be in the form of a letter, and/or to make closing arguments. If post-Hearing briefs are to be submitted, or closing arguments are to be made, the Hearing shall be deemed closed upon receipt by the Arbitrator of such briefs or at the conclusion of such closing arguments.

(i)   At any time before the Award is rendered, the Arbitrator may, *sua sponte* or on application of a Party for good cause shown, re-open the Hearing. If the Hearing is re-opened and the re-opening prevents the rendering of the Award within the time limits specified by these Rules, the time limits will be extended until the reopened Hearing is declared closed by the Arbitrator.

(j)   The Arbitrator may proceed with the Hearing in the absence of a Party that, after receiving notice of the Hearing pursuant to Rule 19, fails to attend. The Arbitrator may not render an Award solely on the basis of the default or absence of the Party, but shall require any Party seeking relief to submit such evidence as the Arbitrator may require for the rendering of an Award. If the Arbitrator reasonably believes that a Party will not attend the Hearing, the Arbitrator may schedule the Hearing as a telephonic Hearing and may receive the evidence



necessary to render an Award by affidavit. The notice of Hearing shall specify if it will be in person or telephonic.

(k) (i) Any Party may arrange for a stenographic or other record to be made of the Hearing and shall inform the other Parties in advance of the Hearing. The requesting Party shall bear the cost of such stenographic record. If all other Parties agree to share the cost of the stenographic record, it shall be made available to the Arbitrator and may be used in the proceeding.

(ii) If there is no agreement to share the cost, the stenographic record may not be provided to the Arbitrator and may not be used in the proceeding unless the Party arranging for the stenographic record either agrees to provide access to the stenographic record at no charge or on terms that are acceptable to the Parties and the reporting service.

(iii) If the Parties agree to an Optional Arbitration Appeal Procedure (see Rule 34), they shall ensure that a stenographic or other record is made of the Hearing.

(iv) The Parties may agree that the cost of the stenographic record shall or shall not be allocated by the Arbitrator in the Award.

## Rule 23. Waiver of Hearing
The Parties may agree to waive the oral Hearing and submit the dispute to the Arbitrator for an Award based on written submissions and other evidence as the Parties may agree.

## Rule 24. Awards
(a) The Arbitrator shall render a Final Award or a Partial Final Award within thirty (30) calendar days after the date of the close of the Hearing as defined in Rule 22(h) or, if a Hearing has been waived, within thirty (30) calendar days after the receipt by the Arbitrator of all materials specified by the Parties, except (i) by the agreement of the Parties, (ii) upon good cause for an extension of time to render the Award, or (iii) as provided in Rule 22(i). The Arbitrator shall provide the Final Award or the Partial Final Award to JAMS for issuance in accordance with this Rule.

(b) Where a panel of Arbitrators has heard the dispute, the decision and Award of a majority of the panel shall constitute the Arbitration Award.

(c) In determining the merits of the dispute the Arbitrator shall be guided by the rules of law agreed upon by the Par-

ties. In the absence of such agreement, the Arbitrator will be guided by the law or the rules of law that the Arbitrator deems to be most appropriate. The Arbitrator may grant any remedy or relief that is just and equitable and within the scope of the Parties' agreement, including but not limited to specific performance of a contract.

(d) In addition to a Final Award or Partial Final Award, the Arbitrator may make other decisions, including interim or partial rulings, orders and Awards.

(e) Interim Measures. The Arbitrator may take whatever interim measures are deemed necessary, including injunctive relief and measures for the protection or conservation of property and disposition of disposable goods. Such interim measures may take the form of an interim Award, and the Arbitrator may require security for the costs of such measures. Any recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

(f) The Award of the Arbitrator may allocate Arbitration fees and Arbitrator compensation and expenses unless such an allocation is expressly prohibited by the Parties' agreement or by applicable law. (Such a prohibition may not limit the power of the Arbitrator to allocate Arbitration fees and Arbitrator compensation and expenses pursuant to Rule 31(c)).

(g) The Award of the Arbitrator may allocate attorneys' fees and expenses and interest (at such rate and from such date as the Arbitrator may deem appropriate) if provided by the Parties' agreement or allowed by applicable law.

(h) The Award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, as to each claim. The Award shall also contain a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the award is based. The Parties may agree to any other form of award, unless the arbitration is based on an arbitration agreement that is required as a condition of employment.

(i) After the Award has been rendered, and provided the Parties have complied with Rule 31, the Award shall be issued by serving copies on the Parties. Service may be made by U.S. Mail. It need not be sent certified or registered.

(j) Within seven (7) calendar days after issuance of the Award, any Party may serve upon the other Parties and on JAMS a request that the Arbitrator correct any computational,


Exhibit ___ D ___, Page 23

typographical or other similar error in an Award (including the reallocation of fees pursuant to Rule 31), or the Arbitrator may *sua sponte* propose to correct such errors in an Award. A Party opposing such correction shall have seven (7) calendar days in which to file any objection. The Arbitrator may make any necessary and appropriate correction to the Award within fourteen (14) calendar days of receiving a request or seven (7) calendar days after the Arbitrator's proposal to do so. The corrected Award shall be served upon the Parties in the same manner as the Award.

(k) The Award is considered final, for purposes of either an Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award.

## Rule 25. Enforcement of the Award

Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1 et seq. or applicable state law.

## Rule 26. Confidentiality and Privacy

(a) JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision.

(b) The Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information.

(c) Subject to the discretion of the Arbitrator or agreement of the Parties, any person having a direct interest in the Arbitration may attend the Arbitration Hearing. The Arbitrator may exclude any non-Party from any part of a Hearing.

## Rule 27. Waiver

(a) If a Party becomes aware of a violation of or failure to comply with these Rules and fails promptly to object in writing, the objection will be deemed waived, unless the Arbitrator determines that waiver will cause substantial injustice or hardship.

(b) If any Party becomes aware of information that could be the basis of a challenge for cause to the continued service of the Arbitrator, such challenge must be made promptly, in writing, to the Arbitrator or JAMS. Failure to do so shall constitute a waiver of any objection to continued service by the Arbitrator.

## Rule 28. Settlement and Consent Award

(a) The Parties may agree, at any stage of the Arbitration process, to submit the case to JAMS for mediation. The JAMS mediator assigned to the case may not be the Arbitrator or a member of the Appeal Panel, unless the Parties so agree pursuant to Rule 28(b).

(b) The Parties may agree to seek the assistance of the Arbitrator in reaching settlement. By their written agreement to submit the matter to the Arbitrator for settlement assistance, the Parties will be deemed to have agreed that the assistance of the Arbitrator in such settlement efforts will not disqualify the Arbitrator from continuing to serve as Arbitrator if settlement is not reached; nor shall such assistance be argued to a reviewing court as the basis for vacating or modifying an Award.

(c) If, at any stage of the Arbitration process, all Parties agree upon a settlement of the issues in dispute and request the Arbitrator to embody the agreement in a Consent Award, the Arbitrator shall comply with such request unless the Arbitrator believes the terms of the agreement are illegal or undermine the integrity of the Arbitration process. If the Arbitrator is concerned about the possible consequences of the proposed Consent Award, he or she shall inform the Parties of that concern and may request additional specific information from the Parties regarding the proposed Consent Award. The Arbitrator may refuse to enter the proposed Consent Award and may withdraw from the case.

## Rule 29. Sanctions

The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules. These sanctions may include, but are not limited to, assessment of costs, exclusion of certain evidence, or in extreme cases determining an issue or issues submitted to Arbitration adversely to the Party that has failed to comply.

Exhibit " D ", Page 24

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES • JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

JAMS EMPLOYMENT ARBITRATION RULES & PROCEDURES

## Rule 30. Disqualification of the Arbitrator As a Witness or Party and Exclusion of Liability

(a)   The Parties may not call the Arbitrator, the Case Manager or any other JAMS employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the Parties and relating to the dispute that is the subject of the Arbitration. The Arbitrator, Case Manager and other JAMS employees and agents are also incompetent to testify as witnesses or experts in any such proceeding.

(b)   The Parties shall defend and/or pay the cost (including any attorneys' fees) of defending the Arbitrator, Case Manager and/or JAMS from any subpoenas from outside Parties arising from the Arbitration.

(c)   The Parties agree that neither the Arbitrator, Case Manager nor JAMS is a necessary Party in any litigation or other proceeding relating to the Arbitration or the subject matter of the Arbitration, and neither the Arbitrator, Case Manager nor JAMS, including its employees or agents, shall be liable to any Party for any act or omission in connection with any Arbitration conducted under these Rules, including but not limited to any disqualification of or recusal by the Arbitrator.

## Rule 31. Fees

(a)   Except as provided in paragraph (c) below, unless the Parties have agreed to a different allocation, each Party shall pay its *pro-rata* share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the Arbitration. To the extent possible, the allocation of such fees and expenses shall not be disclosed to the Arbitrator. JAMS agreement to render services is jointly with the Party and the attorney or other representative of the Party in the Arbitration. The non-payment of fees may result in an administrative suspension of the case in accordance with Rule 6(c).

(b)   JAMS requires that the Parties deposit the fees and expenses for the Arbitration prior to the Hearing and the Arbitrator may preclude a Party that has failed to deposit its *pro-rata* or agreed-upon share of the fees and expenses from offering evidence of any affirmative claim at the Hearing. JAMS may waive the deposit requirement upon a showing of good cause.

(c)   If an arbitration is based on a clause or agreement that is required as a condition of employment, the only fee that

an employee may be required to pay is the initial JAMS Case Management Fee. JAMS does not preclude an employee from contributing to administrative and arbitrator fees and expenses. If an arbitration is not based on a clause or agreement that is required as a condition of employment, the Parties are jointly and severally liable for the payment of JAMS Arbitration fees and Arbitrator compensation and expenses. In the event that one Party has paid more than its share of such fees, compensation and expenses, the Arbitrator may award against any other Party any such fees, compensation and expenses that such Party owes with respect to the Arbitration.

(d)   Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of JAMS assessment of fees. JAMS shall determine whether the interests between entities are adverse for purpose of fees, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the Arbitration.

## Rule 32. Bracketed (or High-Low) Arbitration Option

(a)   At any time before the issuance of the Arbitration Award, the Parties may agree, in writing, on minimum and maximum amounts of damages that may be awarded on each claim or on all claims in the aggregate. The Parties shall promptly notify JAMS, and provide to JAMS a copy of their written agreement setting forth the agreed-upon maximum and minimum amounts.

(b)   JAMS shall not inform the Arbitrator of the agreement to proceed with this option or of the agreed-upon minimum and maximum levels without the consent of the Parties.

(c)   The Arbitrator shall render the Award in accordance with Rule 24.

(d)   In the event that the Award of the Arbitrator is between the agreed-upon minimum and maximum amounts, the Award shall become final as is. In the event that the Award is below the agreed-upon minimum amount, the final Award issued shall be corrected to reflect the agreed-upon minimum amount. In the event that the Award is above the agreed-upon maximum amount, the final Award issued shall be corrected to reflect the agreed-upon maximum amount.

Exhibit D, page 25

### Rule 33. Final Offer (or Baseball) Arbitration Option

(a)  Upon agreement of the Parties to use the option set forth in this Rule, at least seven (7) calendar days before the Arbitration Hearing, the Parties shall exchange and provide to JAMS written proposals for the amount of money damages they would offer or demand, as applicable, and that they believe to be appropriate based on the standard set forth in Rule 24(c). JAMS shall promptly provide a copy of the Parties' proposals to the Arbitrator, unless the Parties agree that they should not be provided to the Arbitrator. At any time prior to the close of the Arbitration Hearing, the Parties may exchange revised written proposals or demands, which shall supersede all prior proposals. The revised written proposals shall be provided to JAMS, which shall promptly provide them to the Arbitrator, unless the Parties agree otherwise.

(b)  If the Arbitrator has been informed of the written proposals, in rendering the Award the Arbitrator shall choose between the Parties' last proposals, selecting the proposal that the Arbitrator finds most reasonable and appropriate in light of the standard set forth in Rule 24(c). This provision modifies Rule 24(h) in that no written statement of reasons shall accompany the Award.

(c)  If the Arbitrator has not been informed of the written proposals, the Arbitrator shall render the Award as if pursuant to Rule 24, except that the Award shall thereafter be corrected to conform to the closest of the last proposals, and the closest of the last proposals will become the Award.

(d)  Other than as provided herein, the provisions of Rule 24 shall be applicable.

### Rule 34. Optional Arbitration Appeal Procedure

At any time before the Award becomes final pursuant to Rule 24, the Parties may agree to the JAMS Optional Arbitration Appeal Procedure. All Parties must agree in writing for such procedure to be effective. Once a Party has agreed to the Optional Arbitration Appeal Procedure, it cannot unilaterally withdraw from it, unless it withdraws, pursuant to Rule 13, from the Arbitration.