David P. Wolds (Bar No. 96686)
Laura B. Riesenberg (Bar No. 185830)
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant,
ASSOCIATED GENERAL CONTRACTORS
OF AMERICA SAN DIEGO CHAPTER, INC.
APPRENTICESHIP AND TRAINING TRUST
FUND

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHIL KARIMY,<br><br>        Plaintiff,<br><br>v.<br><br>ASSOCIATED GENERAL CONTRACTORS OF AMERICA – SAN DIEGO CHAPTER, INC., APPRENTICESHIP & TRAINING TRUST FUND,<br><br>        Defendants. | Case No. 08 CV 0297 L (CAB)<br><br>**DEFENDANT ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO CHAPTER, INC. APPRENTICESHIP AND TRAINING TRUST FUND'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [Fed.R.Civ.P. §12(b)(1)]**<br><br>Judge M. James Lorenz<br><br>Date:    June 23, 2008<br>Time:   10:30 a.m.<br>Ctrm:   14 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

Defendant, Associated General Contractors of America, San Diego Chapter, Inc. Apprenticeship and Training Trust Fund, ("Defendant" or "Trust Fund") respectfully submits the following Reply Memorandum of Points and Authorities in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## I.  INTRODUCTION

Plaintiff Sohil Karimy's ("Karimy") arguments that he did not assent to the At-Will Employment and Arbitration Agreements ("Agreements") at issue, and that the Agreements are unenforceable as a matter of law, are based on one premise: The incorporation by reference into the Agreements of the JAMS Employment Arbitration Rules and Procedures ("JAMS Procedures"), which are modified from time to time to comply with evolving California law regarding employment disputes, renders the Agreements procedurally and substantively unconscionable.

The facts are undisputed that Karimy knowingly executed the Agreements on two occasions. The Agreements clearly and unequivocally provide for arbitration of disputes arising between the Trust Fund and Karimy, irrespective of which party brings the disputes. Under the Agreements, Karimy is provided with all of the substantive and procedural requirements set forth by the California Supreme Court to ensure fairness. Karimy knowingly agreed to arbitrate the present dispute under a fully enforceable arbitration provision. He cannot now claim otherwise.

## II.  ARGUMENT

### A.  The At-Will Employment and Arbitration Agreements Executed by Karimy Are Valid Agreements.

Karimy does not dispute that he signed the Agreements. Rather, Karimy argues that the Agreements are not valid because he did not assent to arbitration.

Karimy cites no authority for his contention that the Agreements must be executed by both parties to be enforceable. The Federal Arbitration Act ("FAA") provides that a *written* provision to settle a controversy by arbitration is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. It is well established under California law that it is immaterial if the non-signatory party does not execute the agreement where the party to be charged under the obligation has. *See*, Civ. Code § 1624(a); Rest.2d, Contracts §§ 131, 134, 135. While the FAA requires a writing, it does not

1
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

require the writing be signed by the parties. *Nghiem v. NEC Electronic, Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994), *citing Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987). Arbitration provisions in employee handbooks as well as employment-related forms are regularly enforced. *See, 24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199 (1998); *Spellman v. Securities, Annuities & Ins. Services, Inc.*, 8 Cal.App.4th 452 (1992) (employees required to execute a U-4 Form). Moreover, principles of equitable estoppel would compel the Trust Fund's performance under the Agreements in the event Karimy were to petition for arbitration of a dispute under the Agreements. *See Turtle Ridge Media Group, Inc. v. Pacific Bell Directory*, 140 Cal.App.4th 828, 835-36 (2006).

Similarly, Karimy's argument that the Agreements' incorporation by reference of the Procedures renders the Agreements invalid fails. Case law cited by Karimy is unavailing to his position. In *Cariaga v. Local No. 1184 Laborers International Union of North America*, 154 F.3d 1072 (9th Cir. 1998), the Court held that a subcontractor was not bound to an arbitration provision set forth in a collective bargaining agreement between the general contractor and a union that was incorporated by reference into the parties' subcontract. The subcontract made no reference to the specific collective bargaining agreement, the union, or any arbitration procedures, and, as a result, failed to clearly refer to and identify the incorporated document containing the arbitration clause. *Id.* at 1073-75. *See also Chan v. Drexel Burnham Lambert, Inc.*, 178 Cal.App.3d 632 (1986) (agreement did not mention arbitration, the NYSE, or the NYSE rule requiring arbitration). Karimy's reliance on *People v. Egan*, 141 Cal.App.3d 798 (1983) is also misplaced. Egan involved a failure to clearly incorporate by reference a document into an affidavit for a search warrant. *Id.* at 803, *citing Estate of McNamara,* 119 Cal.App.2d 744, 747 (1953) (principles of integration and incorporation by reference in the law of wills).

In contrast, the court in *Spellman,* 8 Cal.App.4th at 457-58, discussed by the *Cariaga* Court, compelled arbitration under an employment contract that "clearly referred to and identified the incorporated document wherein the arbitration clause appeared." Employment contracts may validly incorporate by reference the terms of other documents, if the reference is clear and unequivocal and "guides the reader" to the incorporated documents. *Cariaga*, 154 F.3d at 1975;

2
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

1  *Chan*, 178 Cal.App.3d at 641.  These cases address enforcement of arbitration provisions present
2  in documents incorporated by reference and not in the agreement between the parties.
3       Here, the Agreements clearly and unequivocally provide for arbitration of disputes
4  between Karimy and the Trust Fund.  No arbitration agreement is incorporated by reference, only
5  the applicable procedural rules.  The Agreements executed by Karimy are identified as
6  "arbitration" agreements, clearly state that the parties agree to arbitration as the exclusive forum
7  for disputes, and state in bold capital letters that "by signing this agreement you are agreeing to
8  have any issue concerning the termination of your employment decided by neutral arbitration."
9  Karimy cannot credibly argue that he was unaware of his agreement to settle disputes with the
10 Trust Fund through arbitration.
11      In addition, contrary to Karimy's contention, the Procedures were in effect at the time of
12 Karimy's termination in September 2007.  *See* Karimy Complaint at ¶ 13, 5:11-13.  The
13 Procedures were executed on December 15, 1998, and were not modified at any time during
14 Karimy's employment.  *See* Wolds Declaration, Exh. 5.  The Procedures provide for arbitration
15 administered by JAMS under the current JAMS Procedures adopted and designed to assure
16 procedure fairness in employment disputes.  *See Knight, et al.,* Cal. Practice Guide: Alternative
17 Dispute Resolution (the Ruther Guide 2007), ¶ 5:155:14.  The applicable JAMS Procedures,
18 effective March 26, 2007, were also in effect at the time of Karimy's termination of employment.
19      Karimy's reliance on *Baker v. Osborne Development Corp.*, 159 Cal.App.4th 884, 896
20 (2008) is also misplaced.  As in *Cariaga* and *Chan*, *Baker* involved a factual situation in which
21 the arbitration provision was not included in the agreement between the parties (builder and
22 buyer).  Rather, a clause referring to arbitration of disputes was included in a document
23 purported to be an application to obtain a warranty from another party, which did not appear to
24 be an agreement between the buyer and the builder.  *Id.* at 890-91.  The terms of the arbitration
25 agreement were not even contained in the warranty document, but rather were contained in a
26 separate "warranty booklet."  *Id.*  The *Baker* Court's ruling turned on specific facts and
27 circumstances which are distinguishable and inapplicable to the present action.  Similarly,
28 *Metters v. Ralph's Grocery Co.,* 161 Cal.App.4th 696, 703 (2008) is not applicable or

3
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

persuasive. Under its specific facts, the Court found that the grocery store employee was not bound by an arbitration provision that was not contained in an employment contract, but rather in a grievance dispute form that did not alert the employee to the fact that he was "agreeing to anything, let alone arbitration." *Id.* at 703.

Here, it is undisputed that Karimy executed, not once but twice, Agreements expressly and clearly providing for arbitration of disputes. (Supplemental Decl. of Pete Saucedo, ¶¶ 3, 5.) The arbitration provision was not buried in ancillary documents or in documents never provided to him. As a managerial employee, Karimy was responsible for providing copies of the Agreements to subordinate employees and explaining their purpose and intent. (Supplemental Decl. of Pete Saucedo, ¶ 4.) He cannot now argue that he was unaware of the arbitration provision or his obligation to arbitrate his disputes with the Trust Fund.

If the Court finds that there are facts controverted or credibility issues raised by extrinsic evidence in a Fed.R.Civ. Rule 12(b)(1) motion, the court may, in its discretion, order an evidentiary hearing. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Rosales. v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). The Trust Fund respectfully suggests that there is no need for an evidentiary hearing to resolve any relevant issues related to these controverted facts.[1]

**B.    The Agreements Are Not Procedurally And Substantively Unconscionable.**

Karimy cannot prevail on this contract defense. Under California law, an arbitration provision must be *both* procedurally and substantively unconscionable to be enforceable. *See Armendariz v. Found Health Psychare Servs., Inc.*, 24 Cal.4th 83 (2000). The courts apply a sliding scale, *i.e.*, the more substantively oppressive, the less evidence of procedural unconscionability is required, however, both must be present. *Id.* at 114. The *Armendariz* Court set forth guidelines for addressing unconscionability issues in employment disputes, identifying minimum requirements for procedural and substantive fairness. As discussed below, the

---

[1] As discussed below, Karimy's argument regarding the incorporation by reference of the Procedures into the Agreements goes to the issue of procedural unconscionability. Since there is no evidence to support substantive unconscionability, any disputed issue regarding procedural unconscionability is moot and would not require further resolution.

4
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

1  Agreements meet the *Armendariz* requirements.

2  **1.  The Agreements Are Not Procedurally Unconscionable.**

3  Karimy argues that the Agreements are procedurally unconscionable because he was required to execute the Agreements as a condition of employment and because the Agreements incorporate the Procedures.

First, a pre-dispute arbitration agreement is not invalid because it is imposed as a condition of employment. *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal.App.4th 1105, 1121-27 (1999), *citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647 (1991). The mere fact that an arbitration provision is contained in a standardized contract, or contract of adhesion, does not render it unenforceable. *Armendariz*, 24 Cal.4th at 113 (if the contract is adhesive, the court must then determine whether "other factors are present under established legal rules …to render it [unenforceable]." *See also 24 Hour Fitness, Inc. v. Sup. Ct.*, 66 Cal.App.4th 1199 (1998) (employee presented a take-it-or-leave-it arbitration agreement); *Brookwood v. Bank of America*, 45 Cal.App.4th 1667 (1996) (employees required to sign U-4 Form). Rather, the procedural element of unconscionability focuses on unequal bargaining power and hidden terms in adhesion contracts, specifically with regard to elements of surprise and oppression. *See Fitz v. NCR Corp.,* 118 Cal.App.4th 702, 713 (2004); *Kinney v. United Healthcare Services*, 70 Cal.App.4th 1322, 1329 (1999).

Karimy's reliance on *Kinney* is misplaced. While the *Kinney* Court found evidence of the "oppression component" of procedural unconscionability in that employees had no real opportunity to negotiate the terms of the employee handbook containing the arbitration provision, there was also significant evidence of the "surprise component" of procedural unconscionability. *Id.* at 1329-30. The arbitration language was buried in voluminous material, difficult for a lay person to read and understand, the arbitration obligation was *unilateral* and significantly limited the employee's rights. Taken together, these facts satisfied the element of surprise. Similarly, in *Gentry v. Circuit City*, 42 Cal.4th 443, 472 (9th Cir. 2007), the Court found that the agreement at issue was "not entirely free from procedural unconscionability" based on a lack of material information about the "disadvantageous terms" of the arbitration agreement coupled with the

5
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

likelihood that employees felt pressure not to opt out of the agreement.[2] Here, there are no hidden terms limiting Karimy's rights or any disadvantageous terms. As the *Gentry* Court noted, adhesion contracts are an "indispensable" fact of modern life and generally enforced even it they contain a degree of procedural unconscionability. To be rendered unenforceable, the court must scrutinize the agreement to determine whether the agreement's terms are "so one-sided or oppressive as to be substantively unconscionable." *Id.* Similarly, in *Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519, 1536-39 (1997), the unconscionable arbitration clause relegated all employee claims to arbitration and allowed the employer to assert claims in court, restricted discovery available to employees but not the employer, and deprived employees of significant remedies. Here, the Agreements executed by Karimy contain none of these unconscionable elements.

Karimy also argues that the Agreements are procedurally unconscionable because the Agreements incorporated the Procedures, which were not attached to the Agreements. *Fitz v. NCR Corp.*, 118 Cal.App.4th 702 (2004) does not support Karimy's position. In *Fitz*, the arbitration policy incorporated the rules of the American Arbitration Association ("AAA"), but the employer modified the AAA rules of discovery to the employer's advantage, materially altering the AAA rules to violate the fairness principles set forth in *Armendariz. Id.* at 718-21. The *Fitz* Court also found additional support for procedural unconscionability in the employer's carve-out buried in the fine print of a footnote.[3] *Id.* at 722-23.

Courts consistently have held that arbitration agreements may effectively incorporate rules and procedures that meet the requirements for procedural and substantive fairness. *See Armendariz*, 24 Cal.4th at 104-06 (incorporating all the rules set forth in the California Arbitration Act); *Izzi v. Mesquite Country Club*, 186 Cal.App.3d 1309, 1318 (1986) (the AAA rules specified are generally regarded to be neutral and fair, and their application does not render

---

[2] The *Gentry* Court noted that the Ninth Circuit Court came to the contrary conclusion in two cases based on the identical arbitration agreement. *Id.* at 472, n. 10, *citing Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198 (9th Cir. 2002); *Circuit City v. Najd*, 294 F.3d 1104 (9th Cir. 2002).

[3] Additional case law cited by Karimy is also unavailing. In *Harper v. Ultimo*, 113 Cal.App.4th 1402 (2003), the Better Business Rules incorporated by reference substantially limited the company's exposure by severely limiting the customer's ability to receive relief for claims. *Id.* at 1405-07.

6
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

any unjust advantage to the defendant); *Lagatree*, 74 Cal.App.4th at 1127, n.18 (AAA rules to govern arbitration of employment disputes were incorporated into the arbitration agreement and modified during the plaintiff's employment to "ensure fairness and equity for the resolution of workplace disputes"). The Agreements are not procedurally unconscionable.

### 2. The Agreements Are Not Substantively Unconscionable.

Generally, the substantive element of unconscionability addresses terms that are so one-sided as to "shock the conscience," or impose harsh or oppressive terms on the weaker party. *Fitz*, 118 Cal.App.4th at 713; *Stirlen*, 51 Cal.App.4th at 1532-33. Karimy's only argument regarding substantive unconscionability is based on an alleged lack of mutuality, *i.e.,* the "terms are one-sided on their face." This argument is also unsupportable.

An arbitration provision in an employment contract lacks the requisite elements of basic fairness and mutuality if it requires one contracting party, but not the other, to arbitrate claims arising out of the same transaction or occurrence. *Armendariz*, 24 Cal.4th at 120. There are two situations where employment arbitration agreements lack the requisite degree of bilaterality: where the employer is expressly excepted from arbitrating claims against the employee (*Kinney*, 70 Cal.App.4th at 1326), and where the agreement specifically excludes certain types of claims that would be brought by the employer (*Armendariz*, 24 Cal.4th at 116, *citing Stirlen*, 51 Cal.App.4th at 1528). Here, the Agreements do not fit within either category. They are bilateral on their face and obligate both the Trust Fund and Karimy to arbitrate "any dispute that may arise between them" relating to the termination of employment.

Here, unlike the agreement in *Mercurio v. Sup. Ct.*, 96 Cal.App.4th 167, 175-6 (2002), the Agreements do not exclude any claims. The Agreements' identification of specific examples of types of statutory and contract claims to clarify and inform employees does not operate to exclude claims potentially brought by the Trust Fund. There is no basis for Karimy's contention that the Agreements would exclude claims based on a breach of Karimy's Confidentiality Agreement with the Trust Fund. Similarly, claims for injunctive or other equitable relief for intellectual property violations, unfair competition, disclosure of trade secret, among other potential Trust Fund claims, all would be within the scope of the Agreements. The Agreements are bilateral on their face, and

7
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

the Trust Fund has taken no action to indicate a contrary intent.[4] An agreement that is neither explicitly or implicitly non-mutual is not fatally one-sided. *See Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1075, n.1 (2003) (agreement applied to "any claim, dispute or controversy" between the company and employee is valid and enforceable).

Finally, Karimy argues that the Agreements are substantively unconscionable because the Trust Fund has the "unilateral right to terminate or modify the arbitration agreement." The Trust Fund does not have a unilateral right to terminate the Agreements. Rather, the Agreements provide that any dispute will be submitted to arbitration under the Procedures "in effect on the date of termination." Moreover, Karimy does not argue that the Trust Fund actually modified any provision of the Agreements. The Procedures were adopted in 1998, and the only "modification" occurred when JAMS updated the relevant employment arbitration rules to comply with California law. The updated rules were adopted without revision.

In addition, case law relied upon by Karimy does not support his position. In *Ingle*, 328 F.3d at 1179, the Court found other bases on which to rescind the arbitration provision and drew no conclusion as to whether the employer's authority to terminate or amend the agreement "by itself, renders the contract unenforceable."[5] It is well established that contracts are enforceable where one party reserves the power to amend terms. *24 Hour Fitness, Inc.*, 66 Cal.App.4th at 1214. The power to modify terms "carries with it the duty to exercise that right fairly and in good faith." *Id.* Again, no "modifications" to the Procedures were made aside from JAMS' updates to assure procedural fairness.

///

**3.    All of Karimy's Claims Are Subject to Arbitration.**

---

[4] Trust Fund's request that Karimy return Trust Fund property and proprietary information, and the reminder of his continuing obligations under his Confidentiality Agreement, are not inconsistent with Trust Fund's obligation under the Agreements to arbitrate claims.

[5] Cases from other circuits relying on respective state laws of contract are distinguishable. *See Dumais v. American Golf Corp.*, 299 F.3d 1216 (10th Cir. 2002) (conflicting provisions regarding unilateral modification created ambiguity); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306 (6th Cir. 2000) (failure to identify arbitral forum unenforceable under Kentucky and Tennessee law); *Hooters of America, Inc. v. Phillips*, 173 F.3d 933 (4th Cir. 1999) (series of one-sided procedural rules violated fairness).

8
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

1  Once determined that an arbitration agreement is enforceable, the policies inherent in the
2  FAA dictate that any doubts concerning the scope of arbitrable issues should be resolved in favor
3  of arbitration. *Moses H. Cone Memorial Hosp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927 (1983).
4  Generally, courts should not except a dispute from coverage unless is can be said "with positive
5  assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted
6  dispute." *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir. 1984); *see also*
7  *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801 (1967)
8  (Congressional purpose to avoid delay and expense of litigation behind the FAA).

9  In the context of a broad arbitration provision as here, factual allegations need only "touch
10 matters covered by the contract containing the arbitration clause." *Simula, Inc. v. Autolive, Inc.*,
11 175 F.3d 716, 721 (9th Cir. 1999), *see also Zoletti v. Dean Witter Reynolds, Inc.*, 789, 1447 (9th
12 Cir. 1986) (rejecting a "rigid temporal approach"). Karimy argues that his third, fifth, sixth, and
13 eighth claims are not within the scope of the Agreements, because they are wage and hour claims
14 and "unrelated" to the termination of Karimy's employment. On closer examination, however,
15 the allegations are well within the broad provision. The sixth claim seeks penalties under
16 California Labor Code section 203 for failure to pay all compensation due and owing upon
17 *termination of employment*. This claim clearly is related to termination and within the scope of
18 the Agreements. Adjudication of this claim requires a determination of whether Karimy was
19 correctly classified as an exempt employee and compensated for all hours worked. These issues
20 are duplicative of those in the third and fifth claims for relief. Karimy admits that the eighth
21 claim arises under the same facts as the third. Resolution of these claims all require exploration
22 of the same issues and facts and are within the scope of the Agreements. *See Jastremski v. Smith*
23 *Barney, Inc.*, 1994 WL 777206 *3-5 (S.D.Cal. 1994); *see also Bosinger v. Phillips Plastics Corp.*,
24 57 F.Supp.2d 986, 993-4 (S.D.Cal.1999).

25 All of Karimy's claims are within the scope of the arbitration provision in the
26 Agreements. As a result, this action should be dismissed with the parties directed to arbitration

9
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02

pursuant to the JAMS Procedures. *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988).

### III.   CONCLUSION

Based on the foregoing, the Trust Fund respectfully requests that the court grant its motion to dismiss the Complaint with prejudice.

DATED: June 16, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By:  s/ Laura B. Riesenberg
David P. Wolds
Laura B. Riesenberg
Attorneys for Defendants, Associated General Contractors of America, San Diego Chapter, Inc. Apprenticeship and Training Trust Fund

10
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 08 CV 0297 L (CAB)

112893/000001/930452.02