David P. Wolds (Bar No. 96686)
Laura B. Riesenberg (Bar No. 185830)
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
530 B Street, Suite 2100
San Diego, California  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant,
ASSOCIATED GENERAL CONTRACTORS OF
AMERICA, SAN DIEGO CHAPTER, INC.
APPRENTICESHIP AND TRAINING TRUST
FUND

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHIL KARIMY,<br><br>             Plaintiff,<br><br>v.<br><br>ASSOCIATED GENERAL CONTRACTORS OF AMERICA – SAN DIEGO CHAPTER, INC., APPRENTICESHIP & TRAINING TRUST FUND,<br><br>             Defendant. | Case No.  08 CV 0297 L (CAB)<br><br>**DEFENDANT ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO CHAPTER, INC. APPRENTICESHIP & TRAINING TRUST FUND'S EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br>**[FED.R.CIV.P. §12(b)(1)]**<br><br>Judge M. James Lorenz<br><br>Date:  June 23, 2008<br>Time:  10:30 a.m.<br>Ctrm:  14 |

Defendant, Associated General Contractors of America, San Diego Chapter, Inc. Apprenticeship and Training Trust Fund ("Trust Fund") hereby objects hereby objects to the following evidence presented by plaintiff Sohil Karimy ("Karimy") in support of his Opposition to Defendant's Motion to Dismiss as follows:

/ / /

/ / /

/ / /

1  **A.   Declaration of Sohil Karimy In Support Of Plaintiff's Opposition to Defendant's Motion to Dismiss With Prejudice**

| Statement | Objections |
|---|---|
| "In 2005 at the end of a staff meeting, my supervisor, Pete Saucedo, gave all of the employees the "Employment and Arbitration Agreement." <br> (Karimy Decl., ¶ 3, 2:13-15.) | Lacks foundation; vague and ambiguous as to "at the end of a staff meeting," "all of the employees" and the "Employment and Arbitration Agreement;" mischaracterizes evidence; assumes facts not in evidence. |
| "This document was given to the employees as we were exiting the staff meeting."  (Karimy Decl., ¶ 3, 2:15-16.) | Lacks foundation; vague and ambiguous as to "[t]his document," "employees," and "we were exiting the staff meeting"; relevance; argumentative; conclusory; assumes facts not in evidence; mischaracterizes the evidence. |
| "Mr. Saucedo told us that there was a new revision to an employment document and that the employees had to sign it." <br> (Karimy Decl., ¶ 3, 2:16-17.) | Lacks foundation; inadmissible hearsay; vague and ambiguous as to "a new revision to an employment document"; vague and ambiguous as to "the employees had to sign it"; improper factual conclusion as to "the employees had to sign it"; assumes facts not in evidence; relevance; conclusory; argumentative. |
| "I was provided with less than ten seconds to sign the document and return it to Saucedo." <br> (Karimy Decl., ¶3, 2:17-18.) | Relevance; conclusory, argumentative; assumes facts not in evidence; mischaracterizes the evidence. |
| "During my employment, I was never provided with a copy of the Employment and Arbitration Agreement I signed in 2005. I only obtained a copy until [*sic*] after this lawsuit was filed and the Defendant provided a copy to my attorney." <br> (Karimy Decl., ¶ 3, 2:18-21.) | Relevance; argumentative; conclusory; assumes facts not in evidence. |
| "At the end of a staff meeting, Mr. Saucedo told me that I had to sign the agreement again because my title had changed." <br> (Karimy Decl., ¶ 4, 2:27-28.) | Relevance; lacks foundation; vague and ambiguous as to "at the end of a staff meeting"; inadmissible hearsay; assumes facts not in evidence; mischaracterizes the evidence. |
| "He told me that the agreement was on a table and that as I left that I had to sign it and hand it to him." <br> (Karimy Decl., ¶ 4, 3:1-2.) | Relevance; lacks foundation; inadmissible hearsay; conclusory; argumentative; assumes facts not in evidence; mischaracterizes the evidence. |
| "Again, I was only provided a few seconds to sign the agreement and hand it to Mr. Saucedo." <br> (Karimy Decl., ¶ 4, 3:2-3.) | Relevance; lacks foundation; inadmissible hearsay; conclusory; argumentative; assumes facts not in evidence; mischaracterizes the evidence. |

2

EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Case No. 08 CV 0297 L (CAB)

112893/000001/931236.01

| Statement | Objections |
|---|---|
| "Defendant did not give me a copy of the Employment and Arbitration Agreement that I signed in 2006 until the day I was terminated in September 2007."<br>(Karimy Decl., ¶ 4, 3:3-5.) | Relevance; conclusory; argumentative; lacks foundation. |
| "The Agreement did not have the arbitration Rules and Procedures attached to it."<br>(Karimy Decl., ¶ 4, 3:5-6.) | Relevance; conclusory; argumentative; lacks foundation. |
| "On both occasions where I was presented with Employment and Arbitration Agreements, I was asked to sign them in order to continue my employment with Defendant."<br>(Karimy Decl., ¶ 5, 3:10-12.) | Relevance; argumentative; conclusory; inadmissible hearsay; lacks foundation; vague and ambiguous; improper opinion. |
| "I was never provided an opportunity to review either of these Agreements prior to signing them nor was I told that I had to do so."<br>(Karimy Decl., ¶ 5, 3:12-14.) | Relevance; argumentative; conclusory; assumes facts not in evidence; lacks foundation; mischaracterizes the evidence; vague and ambiguous as to "never provided an opportunity to review. |
| "I was never told that I had the opportunity to opt-out of arbitration."<br>(Karimy Decl., ¶ 5, 3:14-15.) | Relevance; argumentative; conclusory; assumes facts not in evidence; lacks foundation. |
| "The copy of the 2006 Employment and Arbitration Agreement that I was provided, was not signed by the Defendant."<br>(Karimy Decl., ¶ 4, 3:15-16.) | Relevance; argumentative; conclusory; best evidence rule; inadmissible hearsay, vague and ambiguous. |
| "When the Defendant provided a copy of the 2005 Employment and Arbitration Agreement to my attorney, I realized that this Employment and Arbitration Agreement was also not signed by the Defendant."<br>(Karimy Decl., ¶ 4, 3:16-19.) | Relevance; argumentative; conclusory; best evidence rule; inadmissible hearsay. |
| "The Rules and Procedures referenced in the Agreements were not attached to the Agreement when I signed them."<br>(Karimy Decl., ¶ 4, 3:21-22.) | Relevance; argumentative; conclusory, lacks foundation. |
| "I was never told that I had to read the Rules and Procedures prior to signing the Agreements."<br>(Karimy Decl., ¶ 4, 3:22-24.) | Relevance; argumentative; conclusory. |

EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Case No. 08 CV 0297 L (CAB)

112893/000001/931236.01

| Statement | Objections |
|---|---|
| "After I signed the Employment and Arbitration Agreement in 2006, I asked Pete Saucedo to explain to me what I had signed." <br><br>(Karimy Decl., ¶ 4, 3:24-25.) | Relevance; argumentative; conclusory; assumes facts not in evidence; inadmissible hearsay; best evidence rule; mischaracterizes the evidence. |
| "Pete Saucedo said that it was an Employment and Arbitration Agreement and that there were Rules and Procedures regarding the Arbitration Agreement." <br><br>(Karimy Decl., ¶ 4, 3:25-27.) | Relevance; argumentative; conclusory; assumes facts not in evidence; inadmissible hearsay; best evidence rule; mischaracterizes the evidence. |
| "I requested the Rules and Procedures from Pete Saucedo, on at least four occasions." <br><br>(Karimy Decl., ¶ 4, 3:27-28.) | Relevance; lacks foundation; argumentative; conclusory; inadmissible hearsay; assumes facts not in evidence; mischaracterizes the evidence. |
| "Pete Saucedo indicated to me that the Rules and Procedures were at the attorney's office and that he would get them for me." <br><br>(Karimy Decl., ¶ 4, 3:28-4:2.) | Relevance; lacks foundation; argumentative; conclusory; inadmissible hearsay; assumes facts not in evidence; mischaracterizes the evidence. |
| "I was never provided with the Rules and Procedures at any time during my employment." <br><br>(Karimy Decl., ¶ 6, 4:2-3.) | Relevance; lacks foundation; conclusory; argumentative; assumes facts not in evidence; mischaracterizes the evidence. |
| "The first time that I saw the Rules and Procedures was in January 2008, when my attorney obtained them for me." <br><br>(Karimy Decl., ¶ 6, 4:3-4.) | Relevance; lacks foundation; conclusory; argumentative. |
| "I never thought that I would not be able to file a lawsuit." <br><br>(Karimy Decl., ¶ 7, 4:6-7.) | Relevance; lacks foundation; conclusory; argumentative. |
| "The Employment Agreements were never executed by the Defendant." <br><br>(Karimy Decl., ¶ 7, 4:7.) | Relevance; lacks foundation; conclusory; argumentative; assumes facts not in evidence; best evidence rule. |
| "I was never provided with the rules and Procedures, so I did not really understand how an arbitration would work." <br><br>(Karimy Decl., ¶ 7, 4:8-9.) | Relevance; lacks foundation; conclusory; argumentative. |
| "This is why I continuously asked for the Rules and Procedures." <br><br>(Karimy Decl., ¶ 7, 9-10.) | Relevance; lacks foundation; conclusory; argumentative; vague and ambiguous as to "I continuously asked for the Rules and Procedures"; assumes facts not in evidence; mischaracterizes the evidence. |

EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Case No. 08 CV 0297 L (CAB)

112893/000001/931236.01

| Statement | Objections |
|---|---|
| "During approximately the last four months of my employment with Defendant, Pete Saucedo instructed me to give the Employment and Arbitration Agreement to any new hires." (Karimy Decl., ¶ 8, 4:12-14.) | Lacks foundation; vague and ambiguous as to "approximately the last four months of my employment"; assumes facts not in evidence; mischaracterizes the evidence; inadmissible hearsay. |
| "Neither Pete Saucedo or anyone else ever instructed me to explain the contents of these documents to any new hire, nor could I have since I did not understand the contents." (Karimy Decl., ¶ 8, 4:14-16.) | Lacks foundation; vague and ambiguous as to "anyone else ever instructed me"; assumes facts not in evidence; mischaracterizes the evidence; argumentative; conclusory. |
| "Furthermore, I never gave the document to any new hire because no one new was hired during the last four months of my employment with Defendant." (Karimy Decl., ¶ 8, 4:16-18.) | Lacks foundation; argumentative; conclusory; assumes facts not in evidence; mischaracterizes the evidence. |
| "In March of 2005, I was asked to sign a confidentiality agreement." (Karimy Decl., ¶ 9, 4:20-21.) | Relevance; lacks foundation; best evidence rule; conclusory; argumentative. |
| "On September 27, 2007, after I was terminated, the Defendant's attorney sent me a letter, asking that I return Defendant's property and advising me that I had obligations under the California Trade Secrets Act and under the Confidentiality Agreement." (Karimy Decl., ¶ 9, 4:21-5:2.) | Relevance; lacks foundation; best evidence rule; conclusory; argumentative. |

### B. Declaration of Alexander B. Cvitan in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss

| Statement | Objections |
|---|---|
| "I requested the AGC Trust's employment arbitration rules and procedures which were in effect at the date of Mr. Karimy's termination." (Cvitan Decl., ¶ 2, 2:12-13.) | Relevance; lacks foundation; inadmissible hearsay; best evidence rule; conclusory. |
| "Mr. Wolds stated that my request did not contain the arbitration agreement, and he requested that I send him a copy." (Cvitan Decl., ¶ 3, 2:19-21.) | Relevance; lacks foundation; inadmissible hearsay; best evidence rule; conclusory. |
| "He advised me that once I sent him the agreement, he would send me the arbitration rules." (Cvitan Decl., ¶ 3, 2:21-22.) | Relevance; lacks foundation; inadmissible hearsay; best evidence rule; conclusory. |

5

| Statement | Objections |
|---|---|
| "I sent Mr. Wolds a copy of the At-Will Employment and Arbitration Agreement signed by Mr. Karimy but not signed by the AGC Trust."  (Cvitan Decl., ¶ 4, 2:26-28.) | Relevance; lacks foundation; inadmissible hearsay; best evidence rule; conclusory. |
| "I advised Mr. Wolds that Mr. Karimy never received a signed Agreement from the Trust. I again requested the arbitration rules."  (Cvitan Decl., ¶ 4, 2:28-3:2.) | Relevance; lacks foundation; inadmissible hearsay; best evidence rule; conclusory; vague and ambiguous with regard to "signed Agreement from the Trust," mischaracterizes the evidence; assumes facts not in evidence. |
| "I received a letter from Mr. Wolds dated January 14, 2008, enclosing the AGC Trust's employment rules and procedures 'in effect on the date of Mr. Sohil's (sic) termination and the current JAMS Employment Rules and Procedures referred to therein.'"  (Cvitan Decl., ¶ 5, 3:6-9.) | Relevance; lacks foundation; inadmissible hearsay; best evidence rule; conclusory. |
| "The JAMS Rules that Mr. Wolds sent to me became effective on March 21, 2007, almost ten months after Mr. Karimy signed the Employment Agreement."  (Cvitan Decl., ¶ 5, 3:9-10.) | Relevance; lacks foundation; inadmissible hearsay; best evidence rule; conclusory; argumentative. |

Defendant will respectfully request the Court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

DATED: June 16, 2008                    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:   s/ Laura B. Riesenberg
      David P. Wolds
      Laura B. Riesenberg
      Attorneys for Defendant, Associated General Contractors of America, San Diego Chapter, Inc. Apprenticeship And Training Trust Fund

6

EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Case No. 08 CV 0297 L (CAB)

112893/000001/931236.01