1  David P. Wolds (Bar No. 96686)
   Laura B. Riesenberg (Bar No. 185830)
2  Farzeen Essa (Bar No. 246971)
   PROCOPIO, CORY, HARGREAVES &
3     SAVITCH LLP
   530 B Street, Suite 2100
4  San Diego, California 92101
   Telephone: 619.238.1900
5  Facsimile: 619.235.0398

6  Attorneys for Defendant,
   ASSOCIATED GENERAL CONTRACTORS OF
7  AMERICA, SAN DIEGO CHAPTER, INC.
   APPRENTICESHIP & TRAINING TRUST FUND

8

9                UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11 | SOHIL KARIMY,                        | Case No. 08 CV 0297 L (CAB)
12 |         Plaintiff,                   | SUPPLEMENTAL DECLARATION OF
   |                                      | PETE SAUCEDO IN SUPPORT OF
13 | v.                                   | DEFENDANT ASSOCIATED
   |                                      | GENERAL CONTRACTORS OF
14 | ASSOCIATED GENERAL CONTRACTORS       | AMERICA, SAN DIEGO CHAPTER,
   | OF AMERICA – SAN DIEGO CHAPTER,      | INC. APPRENTICESHIP & TRAINING
15 | INC., APPRENTICESHIP & TRAINING      | TRUST FUND'S MOTION TO
   | TRUST FUND,                          | DISMISS WITH PREJUDICE
16 |                                      | [FED.R.CIV.P. §12(b)(1)]
   |         Defendant.                   |
17 |                                      | Judge M. James Lorenz
18 |                                      | Date: June 23, 2008
   |                                      | Time: 10:30 a.m.
19 |                                      | Ctrm: 14

20

21     I, Pete Saucedo, declare:

22     1.   I am employed by Associated General Contractors of America, San Diego Chapter,

23 Inc. Apprenticeship and Training Trust Fund ("Trust Fund") as the apprenticeship and training

24 director of the apprenticeship training program funded through the Trust Fund ("Training

25 Program"). I have held that position since 2001. If called upon to testify, I can truthfully and

26 competently do so as to all facts set forth herein based upon my personal knowledge.

27 ///

28 ///

2. As the apprenticeship and training director of the Training Program, I am responsible for the day-to-day operations of the Training Program. I am also familiar with the hiring of the Trust Fund employees, such as the Training Program coordinators, directors, instructors, and staff employees.

3. During 2005, I provided Trust Fund employees and new hires with copies of the Trust Fund's At-Will Employment and Arbitration Agreement ("Agreement"). I presented the Agreement to Trust Fund employees, including Karimy. I provided information to Karimy concerning the terms of the Agreement, including the arbitration of employee and Trust Fund claims, and the at-will nature of employment. As my regular practice, I provided copies of the Agreement to employees and provided them an opportunity to read the Agreement and ask questions about the terms of the Agreement before executing the Agreement. Karimy provided me with an executed copy of the Agreement.

4. During April 2006, Karimy was promoted to director of operations and education for the Training Program. In this position, he was primarily responsible for managing and supervising coordinators employed by the Trust Fund. As part of his managerial responsibilities he was required to provide copies of the Agreement to newly hired apprenticeship coordinators. In addition, I instructed Karimy as part of his managerial responsibility to provide information to new hires regarding the terms of the Agreements. I am informed and believe that he provided the Agreements to newly hired apprenticeship coordinators under his supervision during April 2006 through September 2007, and that certain newly hired apprenticeship coordinators executed the Agreements.

5. Following Karimy's promotion during 2006, I personally provided Karimy with a copy of the Agreement that identified his new position as director of operations and education with the Trust Fund. Other than identifying Karimy's change in job title, the Agreement was the same as the Agreement he had executed during 2005, and as the Agreements that he provided to apprenticeship coordinators. When provided with the Agreement identifying his new position, Karimy did not ask me to explain what he was signing. After executing the Agreement

identifying his new position, Karimy did not ask me what he had signed. I did not impose a time limit during which Karimy was required to review, execute or return the Agreement.

6. I have no recollection of Karimy asking me to provide him with a copy of the Trust Fund's Employment Arbitration Rules and Procedures at any time during his employment. At no time did I refuse to provide Karimy with a copy of the Trust Fund's Employment Arbitration Rules and Procedures.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 16th day of June 2008, at San Diego, California.

_____
Pete Saucedo

SUPPLEMENTAL DECLARATION OF PETE SAUCEDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. 08 CV 0297 L (CAB)

112893/000001/930615.01