UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHIL KARIMY,<br><br>               Plaintiff,<br><br>v.<br><br>ASSOCIATED GENERAL<br>CONTRACTORS OF AMERICA – SAN<br>DIEGO CHAPTER, INC.,<br>APPRENTICESHIP & TRAINING<br>TRUST FUND,<br><br>               Defendant. | Civil No. 08-CV-297-L(CAB)<br><br>**ORDER GRANTING**<br>**DEFENDANT'S MOTION FOR**<br>**STAY PENDING APPEAL** |

In this labor law and employment discrimination action, the court denied Defendant's motion to compel arbitration and dismiss the case. Defendant appealed pursuant to 9 U.S.C. § 16(a) and filed a motion to stay proceedings in this court pending appeal. Plaintiff opposed the motion in part, agreeing that all pre-trial proceedings should be stayed except for discovery. Defendant replied that the proceedings should be stayed entirely. For the reasons which follow, Defendant's motion is **GRANTED**.

"Absent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal on an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.

1990) (internal citation omitted).  Where the issue of arbitrability is the only substantive issue presented for appeal, the district court is not "divested of jurisdiction to proceed with the case on the merits." *Id*.  Accordingly, a district court is not required to stay proceedings pending the appeal of an order denying motion to compel arbitration.  *See id.*  Instead, [t]he system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration." *Id*.  Courts generally consider four factors when determining whether to grant a stay pending appeal:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Golden Gate Rest. Ass'n v. San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).

Except for discovery, the parties agree that a stay should be granted.  (*See* Opp'n at 2 ("Plaintiff does not oppose the motion[] to the extent it seeks to stay trial and pretrial proceedings pending appeal.  Plaintiff does strongly oppose any further stay of discovery.") (emphases omitted); *see also id*. at 8 ("both sides would be prejudiced if the case were allowed to proceed to trial on the merits, only to have the matter ordered to arbitration in appeal").)

A stay may be warranted if the appeal presents a serious legal question.  *Bratton*, 916 F.2d at 1412, citing *C.B.S. Employees Fed. Credit Union v. Donaldson*, 716 F. Supp. 307 (W.D. Tenn. 1989).  The denial of Defendant's motion to compel arbitration was based on a finding of sufficient procedural and substantive unconscionability to render the arbitration clause unenforceable under California law.  (Order Denying Def.'s Mot. to Dismiss, dated Mar. 30, 2009, citing *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) and other authorities.)  Among other things, Defendant points to a difference in how procedural unconscionability is viewed by California and federal courts.  (See Reply at 5 n.3, noting a disagreement between *Gentry v. Super. Ct. (Circuit City Stores, Inc.)*, 42 Cal.4th 443, 472 n.10 (2007) on one hand, and *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198 (9th Cir. 2002) and

*Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104 (9th Cir. 2002), on the other.)  This apparent divergence presents a serious legal question and opens the possibility of stay pending appeal.

The parties address the issue whether discovery should proceed pending appeal in terms of the prejudice they will respectively suffer.  Plaintiff argues he will be prejudiced if discovery does not commence as soon as possible because his "main allegation is that he was fired for complaining about falsification of documents and other irregularities by Defendant.  The only way to test these claims is to obtain these records before Defendant has a chance to falsify them again, and to match them against other records." (Opp'n at 9.)  The suggestion that Defendant is likely to tamper with the evidence during this litigation is unsupported (*see* Decl. of Alexander B. Cvitan, dated Jul 2, 2009 ("Cvitan Decl.")) and is therefore rejected.

Plaintiff also maintains that during the pendency of the appeal records may be lost, memories faded and witnesses difficult to locate, which may prejudice his ability to proceed with the case if discovery is stayed.  He proposes the court issue an order for the parties to commence discovery immediately and that any discovery disputes be resolved by the Magistrate Judge assigned to the case.  (Opp'n at 11.)  Plaintiff claims that discovery cannot proceed without an order because, due to Defendant's motion to compel arbitration and notice of appeal, the parties have not had a scheduling conference pursuant to Federal Rule of Civil Procedure 16(b). (Cvitan Decl. at 3.)  Under normal circumstances, a Rule 16(b) scheduling conference triggers commencement of formal discovery.  *See* Fed. R. Civ. P. 26(d) & (f).  Plaintiff proposes that discovery proceed outside the framework established by Rules 16 and 26 because there can be no Rule 16(b) scheduling conference if pre-trial proceedings are stayed.  Defendant opposes this arrangement because it would lead the parties and the court into "uncharted discovery waters." (Reply at 2; *see also id.* at 9.)

Proceeding with discovery outside the framework of Rules 16 and 26 is problematic. Among other things, these rules provide the procedural framework for discovery, including a mechanism and time limits for initial disclosures and a discovery plan.  More fundamentally, they call for discovery to proceed in step with other pre-trial proceedings such as amendment of pleadings, joinder of additional parties, pre-trial motions and settlement conferences.  *See, e.g.,*

Fed. R. Civ. P. 16. Plaintiff concedes that "continuing with pretrial and trial proceedings pending appeal could end up to be duplicative and wasteful." (Opp'n at 12.) Proceeding with discovery in the absence of other pre-trial proceedings leads to the same outcome. Divorcing discovery from other pre-trial proceedings would inevitably result in duplication of effort and unnecessary delay as new issues for discovery crop up in the course of other pre-trial proceedings. This would result in needless expense of judicial resources and the parties' time and money.[1]

Plaintiff's reliance on *Hill v. Peoplesoft USA, Inc.*, 341 F. Supp. 2d 559 (D. Md. 2004), in support of his proposition that discovery could continue while other pre-trial proceedings are stayed, is unavailing here. Aside from the fact that *Hill* is not a binding precedent and it is expressly limited to its own "unique circumstances," 341 F. Supp. 2d at 560, the decision does not address how the court or the parties are to navigate the uncharted waters of discovery outside the framework of Rules 16 and 26.

Moreover, without a stay, Defendant will suffer irreparable harm. Plaintiff argues that no matter what happens on appeal, he will have a right to discovery, either in this court or in arbitration under Rule 17 of the JAMS Employment Arbitration Rules and Procedures. For this reason, he argues, there is no reason to delay discovery. As discussed above, discovery under Federal Rules of Civil Procedure is structured and formal, whereas discovery as provided under JAMS Rules is informal. (*See* Def.'s Reply Ex. A (Rule 17 of JAMS Employment Arbitration Rules and Procedures effective Mar. 26, 2007) & B (Rule 15 of JAMS Employment Arbitration Rules and Procedures effective Feb. 19, 2005).) Moreover, the complications and inevitable disputes[2] that likely will result from discovery outside the established framework will increase

---

[1] Plaintiff supports his argument by contending that even of the Court of Appeals finds the arbitration clause to be enforceable, not all of his eight claims are arbitrable under the terms of the arbitration clause. Assuming *arguendo* that Plaintiff is correct, this would neither mitigate nor justify the procedural difficulties and wastefulness resulting from separating discovery from other pre-trial proceedings.

[2] For parties who have not yet engaged in formal discovery, they have already accumulated a high level of discovery acrimony between them. On one hand Plaintiff states that Defendant is resisting an informal exchange of documents (Opp'n at 10; Cvitan Decl. at 3-4),

the already high cost of formal discovery. If Defendant is forced to incur these expenses, Defendant will forever lose the "speed and economy" advantage provided by arbitration should the Court of Appeals find in its favor. *See Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).

While Plaintiff is correct that delaying discovery is not in his favor, this is at least somewhat mitigated by the voluntary discovery proceeding between the parties, even if Plaintiff is not entirely satisfied with Defendant's level of cooperation. (*See, e.g.,* Cvitan Decl. at 3-4 (acknowledging that Defendant produced certain documents) & fn. 2 *supra*.)

Last, a stay of all pretrial proceedings serves the public interest in promoting the "strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution for those who agree to it." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (internal quotation marks and citation omitted).

For the foregoing reasons, the balance of equities weighs in favor of staying all pre-trial and trial proceedings, including discovery, pending appeal. Defendant's motion for stay is **GRANTED**.

**IT IS SO ORDERED.**

DATED: November 5, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

while Defendant, on the other hand, claims it is cooperating and that voluntary discovery is proceeding (Reply at 8-9; Decl. of David P. Wolds, filed Jul. 13, 2009 at 2-3; Decl. of Laura B. Riesenberg, filed Jul. 13, 2009 & Def.'s Reply Ex. C-U.)